## MARY ANN ADLARD

*v.*

## JOHN MULDOON.

| 45 | 193 |
| 23a | 402 |
| 45 | 193 |
| 46a | 585 |
| 45 | 193 |
| 59a | 210 |
| 45 | 193 |
| 165 | 407 |
| 45 | 193 |
| 173 | 225 |
| 45 | 193 |
| 73a | 21 |
| 45 | 193 |
| e192 | ²345 |
| 45 | 193 |
| 199 | ¹243 |
| 45 | 193 |
| 110a | ³524 |

1. CONTRACT — *evidence* — *indebitatus assumpsit.* Where a contract has been performed, and it only remains to pay the contract price for the labor or property, *indebitatus* assumpsit will lie for its recovery. And the agreement may be read in evidence for the purpose of showing its terms and to recover the damages.

2. SAME — *performance.* A party has no right to recover under any contract, in any form of action *ex contractu*, until he has performed his part of the agreement. And whether a contract has been performed or not, is a question for the jury.

3. SAME — *alteration* — *architect.* If a party contracts with another to erect a building according to plans and specifications, under the supervision of an architect, the architect cannot change the terms of the contract without special authority.

4. SAME — *acceptance* — *recoupment.* If a defendant accepts a building erected by a plaintiff, under a contract, in an action to recover the contract price, the defendant will be permitted to recoup any damages growing out of a breach of the contract.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of assumpsit, brought by John Muldoon, appellee, against Mary Ann Adlard, appellant, in the Superior Court of Chicago, to recover the balance on a contract for furnishing materials and building several cottages. The declaration contains the common *indebitatus* counts for work and labor, and materials, etc.

The cause was tried before a jury, and a verdict rendered in favor of the plaintiff, and the damages were assessed at $391.85. The defendant moved for a new trial, which being overruled, judgment was entered upon the verdict.

The case was brought to this court by appeal.

The facts are stated in the opinion.

Mr. THOMAS SHIRLEY, for the appellant.

Messrs. RUNYAN & AVERY, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by John Muldoon, in the Superior Court of Chicago, against Mary Ann Adlard, to recover a balance claimed to be due on a building contract. The declaration contained the common counts for work, labor and materials employed in building houses for appellant. The defense relied upon was the non-performance of the contract on the part of appellee; that appellant had not accepted the work or taken possession of the same, and hence the action could not be maintained, or if it could, appellant was entitled to recoup stipulated damages under the contract, for the non-completion of the work.

It is urged, that the court below erred in admitting the written agreement in evidence, because it had not been performed. There can be no force in this objection. If a contract has been performed, and it only remains to pay the contract price for the labor or property, *indebitatus assumpsit* will lie for its recovery, and the agreement may be read in evidence for the purpose of showing its terms, and to measure the damages. But to require the court in the first instance to hear evidence, and determine whether the contract had been performed, before admitting it in evidence, would be to take from the jury one of the material issues in the case. The contract was properly admitted, but whether it had been performed or not, was a question for the jury. A party has no right to recover under any contract until he has performed his part of the agreement,

and this is true in any form of action *ex contractu.* It was a proper subject of instruction to the jury, but they were alone the judges whether or not it had been performed.

Hawks, the architect, does say that the houses were finished according to the contract. But in his cross-examination he explained, that the newel posts, the brackets and cornice, were not finished according to the specifications; and that gas pipes were not put in some of the bed rooms, as required by the contract. He claimed that he had deducted these omissions, or set them off against extra work, done, so far as we can see, without any authority from appellant, or subsequently consented to by her.

Armstrong testified, that the cottages were not completed; that he had called appellee's attention to the omissions, and pointed out the want of portions required by the plans and specifications, but he refused to complete the work. Spott, another architect, testified that the buildings were not completed according to the agreement and specifications. This is substantially the evidence in the case, and the court gave the jury this instruction:

" If the jury believe, from the evidence, that the plaintiff has completed the work according to the contract (except as to changes which were made by authority of the defendant), to the satisfaction of the architect or his assistant, then the plaintiff is entitled to recover the balance of the contract price yet unpaid, with interest thereon from the time of the completion of the work, at the rate of six per cent per annum."

This instruction is erroneous, as it seems to assume there were changes made by authority of appellant. Even if there had been evidence tending to prove that appellant had authorized the changes, it would have been a question for the jury. We find no evidence in this case that appellant ever authorized the changes which seem to have been made. The architect had no such authority under the contract. His duty was to see that the contract was faithfully fulfilled according to the agreement, unless changes were made by agreement of the parties.

Appellant had the right to insist upon a strict compliance with the agreement, and unless specially authorized, the architect could not change its terms. If he might to the extent claimed in this case, he might as to any and every part of the terms, specifications and conditions. This no one would claim.

We are unable to find either such authority in the contract, or by subsequent arrangement or consent, or that appellant ever ratified or accepted the change. The court below, therefore, not only erred in giving this instruction, but in refusing to set aside the verdict, because it was not sustained by the evidence. There was no proof that appellant ever accepted the buildings, and even if she had she would be entitled to recoup the damage she sustained by reason of the omission to complete the work according to the specifications.

Again, there is no evidence that the work has been completed, and until it is, or is accepted, she is not liable under the contract to pay the balance, which was reserved until the agreement should be performed. And if she has accepted them, then she should be permitted to recoup the damages growing out of the breach of the contract. Armstrong's certificate of damages was not admissible, as he was not the person who the parties agreed should fix the amount of the damages. Hawks was the person who the parties agreed should determine the amount. But if the agreement was performed, or if the buildings were accepted, then appellant would have the right to show, by other evidence, the amount of damage sustained by not completing the buildings in time, or the omission of portions of the work, required by the contract. The mere fact that Armstrong was a partner of Hawks, when the latter was selected, did not give the former the right to act. It was Hawks' skill, judgment and integrity to which the parties agreed to look, and not that of another, unless he should act as the assistant of Hawks.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*