THOMAS F. McKEY

v.

WILLIAM P. NELSON AND JOHN L. NELSON.

*Contracts—Right of Architect to Add to Building Contract—Extras.*

Where parties, wholly upon the assurance of an architect that they will be paid, he having no authority to accept bids or make contracts, do work, not at the request of the owner of a building in process of construction, and which they had no reason to suppose he would regard as an extra, no request by him will be implied.

[Opinion filed December 10, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

Messrs. DOOLITTLE, McKEY & TOLMAN, for appellant.

Messrs. GRIFFIN & WILE, for appellees.

GARY, J. Three kinsmen, all named McKey, employed the same architect to make plans, etc., and receive bids for the erection of two houses for each McKey.

The architect had no authority to accept bids or make contracts. The contracts referred to plans, etc., attached. The appellees bid for the glazing on all the houses, and their bids were accepted. They examined only the plans of the two houses of one of the other McKeys, being told by the architect that all six houses were substantially alike, with some unimportant differences that would not affect the cost. No plans were, in fact, attached to the contract signed by the parties to this suit. The appellant had no knowledge of what plans the appellees examined.

Before the appellees began work on the appellant's houses, which accorded with the plans of those houses, they saw that one of them was constructed to require bent glass in a window; they told the architect they did not figure on bent glass, and he told them that the bent glass would be an extra, put it in

and he would see that they were paid for it. Testimony as to this conversation was objected to by the appellant, and after it was received he moved to strike it out, and took exceptions to the action of the court in receiving and retaining it in the case, so that the error is in the record. The cause was submitted to the jury without instruction, but the counsel of the appellees, in his closing argument, told them that when the architect said that he would see that the appellees were paid for the bent glass, it was the same as though the appellant had said it; it is clear, therefore, that the verdict rests upon that theory.

Whether there was any contract between these parties, because of its incompleteness by reference to plans attached when none were attached, is not now a question.

The appellees, wholly upon the assurance of the architect, did work, not at appellant's request, which they had no reason to suppose that he would regard as an extra, and which they have made part of his freehold. The law under such circumstances will not imply a request by him. If they were at liberty to reject the contract they signed, because of its incompleteness, and yet went on under it, they must take it as it is. They knew, and the appellant did not know, when they signed it, that the plans they had seen were not the plans of the two houses which that contract related to. The architect had no authority to add to its terms. Adlard v. Muldoon, 45 Ill. 193; Campbell v. Day, 90 Ill. 363. Under such circumstances the appellant is not liable.

The case of Sexton v. City of Chicago, 107 Ill. 323, does not present the question here decided. It was held there that, as the plans and specifications showed no details for the superstructure of sky-lights, the printed forms on which bids were made which mentioned sky-lights did not bring such superstructure within the work which the contract required Sexton to do. The court first say that this state of facts "conclusively shows the sky-lights were not embraced within the contract;" and then follow with a recital of what took place between Sexton and a draughtsman in the office of the city architect, without a very clear showing as to what extent

the city was responsible for the acts of its officers and employes in the line of their official duty. On the other point in that case as to plans, etc., it does not appear that the contract referred to plans, etc., attached to the contract, and those upon which Sexton relied were the original of which the city had furnished him copies.

Then, upon the *quantum meruit* for the work that Sexton had done, upon the hypothesis that the difference between the city and Sexton as to plans avoided the contract, Sexton had done that work under his own correct construction of the contract, and therefore the point was not in the case. But if his construction had been wrong, he did the work in good faith, in execution of the contract as he understood it. Here, the appellees did the work with their eyes open, knowing before beginning that the bent glass was called for by the plans that should have been attached to the contract, trusting to the unauthorized assurance of the architect.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*