JOSEPH A. SHEPARD

*v.*

JOHN W. MILLS *et al.*

*Opinion filed April 21, 1898—Rehearing denied June 9, 1898.*

</div>

1. CONTRACTS—*recovery on special contract may be had under common counts where only the duty to pay remains.* Recovery on a special contract may be had under the common counts where only the duty of payment remains unperformed; and the contract may be read in evidence to show its terms and to measure the damages.

2. SAME—*whether plaintiff has fully performed is a question of fact for the jury.* Whether the plaintiff, suing on a special contract under the common counts, has fully performed his part is a question of fact for the jury, which, in the absence of errors of law in the construction of the contract, the rulings on evidence or instructions to the jury, cannot be reviewed by the Supreme Court.

3. PLEADING—*contractor may waive provision for securing purchase price and sue on common counts.* A provision in a contract for putting a heating apparatus in a building, by which the title to the apparatus is to remain in the contractor until full payment, he reserving the right of removal upon default, is a provision in his favor which he may waive, and, treating the title as having passed, he may sue on the common counts.

4. SAME—*literal compliance with terms not essential to recovery under common counts.* A literal compliance with the terms of a contract is not essential to a recovery of 'the contract price under the common counts, provided there has been performance in substantial particulars; and where there has been an unimportant omission the contract price is recoverable, less any damage thereby occasioned.

5. APPEALS AND ERRORS—*objections to evidence cannot be first raised on appeal.* Alleged error in permitting the plaintiff to read in evidence a part of one of the defendant's pleas as an admission of a matter in controversy will not be considered on appeal, where no objection was made to the evidence when offered and no instruction asked with reference thereto.

*Shepard* v. *Mills*, 70 Ill. App. 72, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

F. W. BECKER, for appellant.

CARL R. LATHAM, and ROBERT N. HOLT, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellees recovered a judgment in the Superior Court of Cook county, against appellant, for the balance claimed to be due on a special contract, under which they had put into the building of appellant a heating apparatus. This judgment has been affirmed by the Appellate Court, and a certificate of importance granted.

The action was assumpsit on the common counts, and it is urged that a recovery could not legally be had without declaring specially upon the contract. The law is well settled that where the contract has been performed

and nothing remains to be done but to pay the amount due under it, a recovery may be had under the common counts. As said in *Adlard* v. *Muldoon*, 45 Ill. 193: "If a contract has been performed, and it only remains to pay the contract price for the labor or property, *indebitatus assumpsit* will lie for its recovery, and the agreement may be read in evidence for the purpose of showing its terms, and to measure the damages." And as there said, whether the contract has been performed or not is a question for the jury. See, also, *Lane* v. *Adams*, 19 Ill. 167, and *Mount Hope Cemetery Ass.* v. *Weidenmann*, 139 id. 67.

It is said, however, that the contract provided that the title to the heating apparatus should not pass, but should remain in appellees until the contract price should have been fully paid, and that in default of payment appellees had the right reserved by the contract to take possession and remove the apparatus from the building, and the argument is, that as there was default in payment of one-half of the contract price there was no delivery, the title did not pass, and therefore there could be no recovery except for a breach of the contract properly alleged in a special count. We do not agree to this view of the case. The provision in question was for the benefit of appellees to secure the payment of the purchase money, and they had the clear right to waive it,—to treat the title as having passed,—and rely on their action at law to recover the balance, if any, due them. (*Cooper* v. *Cleghorn*, 50 Wis. 113.) It will be noticed that this provision of the contract is based upon the default of appellant in making payment. He would not be in default for withholding payment, when authorized to do so for non-performance on the part of appellees. But appellant cannot be heard to say that he was in default in payment and for that reason the title did not pass, and that therefore he cannot be compelled to respond under the common counts on a contract performed by the other party. This provision of the contract was for the benefit of appellees alone, and

it was waived by bringing this action in a form which treated the contract as having been fully performed and the title to the heating apparatus as having passed to appellant.

The cases cited by appellant,—*Burnham* v. *Roberts*, 70 Ill. 19, *Clause* v. *Bullock Printing Press Co.* 118 id. 612, *Brand* v. *Henderson*, 107 id. 141, and others,—do not support his contention. Whether appellees had performed the contract or not, was, under proper rulings of the court on the admission of evidence and instructions to the jury and the construction of the contract itself, a question of fact only, which we cannot review. The fact of performance has been finally settled in favor of appellees.

But it is assigned as error that the trial court admitted in evidence, and permitted counsel for appellees to read to the jury, a part of appellant's plea of set-off. The words read to the jury were: "Nor after said apparatus had been accepted by said defendant." Presumably it was supposed this plea tended to prove that the apparatus had been accepted by the defendant. We need not further consider the question sought to be raised on this assignment of error, for the reason that appellant made no objection whatever when the plea was offered in evidence and asked no instruction in respect to it.

In addition to the general issue the defendant had filed two pleas of set-off, claiming damages growing out of the alleged non-performance of the contract on the part of appellees. One of his pleas set up the contract according to its legal effect and alleged the defendant's damages for its breach, and the other was in the form of the consolidated common counts. There was much conflicting evidence as to whether the contract had been performed or not, and as to whether its alleged failure to heat the building, or the parts of it, as provided in the contract, was or was not the fault of appellant. These questions were decided against him, and he made no proof whatever as to his alleged damages. Under this

state of the pleadings and proofs the court, at the request of the plaintiffs, gave to the jury this instruction:

"The jury are instructed that if they believe, from the evidence, that the plaintiffs erected and put in a heating plant in the defendant's building in accordance with the terms and specifications of the contract introduced in evidence, and that said heating plant heated the rooms and apartments specified to be heated in the contract, to the required degree of temperature, and that the plaintiffs in all substantial respects carried out and performed their part and side of said contract, then the plaintiffs are entitled to recover the balance due under the contract, with interest at five per cent per annum from the date of the completion of said plant, less what, if anything, the jury may believe, from the evidence, to be due from the plaintiffs to the defendant for and as damage under his plea of set-off."

While it was a question of law for the court, and not of fact for the jury, to construe the contract, there was no dispute as to its requirements, except in respect to the question whether it provided for the heating of the second and third floors of the building as well as the first and fourth, or only for the heating of the first and fourth, with sufficient capacity to heat also the second and third when the defendant should see proper to put in the radiators on those floors. We think it clear that the latter construction of the contract was the correct one, and that appellant was not injured, no matter which view the jury may have taken of that branch of the case. The real controversy was one of fact over the alleged insufficiency and failure of the plant to heat the fourth floor, where appellant's workmen were employed.

The next objection to the instruction is, that it authorized a recovery if the jury should find "that the plaintiffs, in all substantial respects, carried out and performed their part and side of the contract." This is not a correct interpretation of the instruction, for, preceding the

clause complained of, the instruction required, as a condition of recovery, that the jury should find that the "plaintiffs erected and put in a heating plant in the defendant's building in accordance with the terms and specifications of the contract introduced in evidence, and that said heating plant heated the rooms and apartments specified to be heated in the contract, to the required degree of temperature." There were many details of minor importance to be complied with by appellees to carry out the contract, but it could not, in reason, be contended that no recovery could be had unless there was a literal compliance with the contract in respect to them. The rule is correctly laid down in *Keeler* v. *Herr*, 157 Ill. 57, that a literal compliance with such contracts is not necessary to a recovery, but it will be sufficient that there has been an honest and faithful performance of the contract in all its material and substantial particulars, and no omission in essential points or willful departure from the contract; and mere technical or unimportant omissions will not defeat a recovery of the contract price, less any damages, however, requisite to indemnify the owner.

Two instructions were asked by the defendant and refused by the court, but they contained provisions authorizing the allowance of damages to the defendant as "shown in the evidence and claimed in the declaration," when, as before said, no proof of damages sustained by the defendant was made. Besides, the pleading mentioned should have been the "plea of set-off," and not the "declaration." There was no error in refusing these instructions.

Finding no error of law the judgment of the Appellate Court must be affirmed.                     *Judgment affirmed.*