## E. J. Ryan v. G. W. Hooton.

1. COMMON COUNTS—*when recovery may be had under.* Recovery may be had under the common counts where the plaintiff has fully performed and nothing remains to be done by the defendant but the payment of money.

2. WARRANTY—*when allegation of fulfillment of, not essential to recovery of purchase price.* The allegation that a heating apparatus furnished pursuant to contract fulfilled the warranties of such contract is not essential to recovery of purchase price; the failure of the apparatus so to fulfill the contract provisions is matter of affirmative defense.

Action of assumpsit. Appeal from the Circuit Court of Vermilion County; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the May term, 1905. Reversed and remanded. Opinion filed October 9, 1905.

O. M. JONES and REARICK & MEEKS, for appellant.

J. B. MANN, for appellee.

MR PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in assumpsit by appellant against appellee. At the close of all the evidence the jury, by the direction of the trial judge, returned a verdict for the defendant. To reverse the judgment upon such verdict the plaintiff appeals.

The declaration consists of the common counts, and a special count which sets out *in hæc verba* a written contract between the parties, and then avers full performance by the plaintiff of the terms thereof, and non-performance of the same by the defendant.

Under the terms of the contract, which was entered into on September 22, 1903, appellant, who was a steamfitter in the city of Danville, agreed to install a water-heating apparatus in the dwelling house of appellee, for the sum of $564, to be paid when the entire apparatus was installed, said apparatus to consist of a No. 54 "Mulford" boiler with a capacity of 1,000 square feet of radiation, together with a specified number of radiators, of a certain kind and style,

and supplying a specified number of feet of radiation, to be placed in certain of the rooms.

The contract further provided that the plant was to be installed by appellant, and was to be put up by an experienced mechanic, in a good, neat, substantial and workmanlike manner, and when finished, to be put in operation and left ready for use. It further specified that the owner of the building should provide a good smoke flue of a certain capacity, and do all work that might be necessary to put the doors, windows and other parts of the building in thorough repair, so as to avoid undue waste of heat. It also contained the following clause: "I hereby guarantee this apparatus to be of ample capacity to warm each and every room in which radiation is located, to seventy degrees when the mercury outside is twenty degrees below zero."

The trial court sustained a demurrer to the special count, whereupon the defendant filed the plea of general issue. Appellee contends that the action of the court was proper for the reason that the count failed specifically to aver the performance of the terms of the so-called guarantee clause, which in effect amounted to a specification, and that the compliance with the terms of the guarantee clause was a condition precedent to appellant's right of recovery; while it is contended by appellant that such clause amounted to a warranty and that any breach thereof was a matter of affirmative defense to be interposed and established by appellee. We are of opinion that the fulfillment of the requirements of the clause in question was not a condition precedent to a right of recovery, but that it was in effect a mere warranty. The words used were not descriptive of either the kind, character, grade or size of the apparatus, nor of the manner in which the same was to be constructed or installed. They cannot fairly or reasonably be construed as other than an assurance or representation by appellant that the apparatus would, when installed, be sufficient to warm the room of the building to the degrees of temperature prescribed, from which the law will imply an agreement on the part of appellant to respond in damages in the event of

a failure. A breach of warranty is clearly an affirmative defense, and the burden of establishing the same is upon the party asserting it. Morris v. Wibaux, 159 Ill. 627.

It follows that no averment that the apparatus filled such warranty was necessary in order to state a cause of action, and that the trial court erred in sustaining the demurrer to the special count. Appellant could not, however, have been prejudiced by such error. He had the same advantage under the common counts as would have inured to him had the special count been held sufficient.

If appellant had fully and faithfully performed the contract in all its material and essential particulars, and nothing remained to be done but the payment by appellee of the amount due from him thereunder, appellant had an equal right of recovery under either a special count or the common counts (Evans v. Howell, 211 Ill. 85), and under the common counts the contract became competent evidence for the purpose of showing its terms and to measure the damages. Shepard v. Mills, 173 Ill. 223; Evans v. Howell, *supra.*

Mere technical or unimportant omissions in compliance with the contract were not, however, sufficient to defeat a recovery of the contract price, less any damages requisite to indemnify appellee. Evans v. Howell, *supra.*

The evidence shows that the apparatus was fully installed about October 1, 1903. There was also evidence tending to show that it was in accordance with the specifications of the contract, except as to the height of the radiators, and that one of the rooms lacked one and one-half square feet of the radiation prescribed, and further, that after the work was completed appellee made no complaint other than that the boiler did not "hold fire," and that "he had to fire too often to suit him." Appellee contended upon the trial, and there is evidence tending to show, that as the weather became colder the apparatus failed to heat the rooms to the extent warranted by the guarantee clause in the contract. On December 13, 1903, appellee wrote to appellant complaining that the heat was

insufficient, and on February 18, 1904, notified him in writing to remove the plant.

Whether or not, notwithstanding the omissions and variations from the specifications of the contract referred to, the contract had been substantially performed, and whether or not appellee accepted the apparatus, whereby the contract became executed, were questions of fact which should have been submitted to the jury for its determination. Shepard v. Mills, *supra.*

The alleged failure of the apparatus to warm the rooms to the extent prescribed by the guarantee clause, amounted, as we have said, to but a breach of warranty of which appellee could only take advantage in this suit, by either recouping the damages resulting therefrom under the plea of general issue, or by a plea of set-off or counter-claim (Underwood v. Wolf, 131 Ill. 425), under either of which pleas he would be bound to prove the same facts in relation to his demand as if he had instituted an action upon it.

There is no evidence whatever as to the extent that appellee was damaged by reason of the breach of warranty. In order to establish a complete defense to appellant's right of action, by reason of the alleged breach of the warranty clause, and to warrant a verdict for appellee, it was incumbent upon appellee to prove damages to the full amount of the contract price. .

The case seems to have been tried upon the erroneous theory that because of the failure of the apparatus to fulfill the requirements of the warranty, appellee had the right to rescind the contract and return the apparatus notwithstanding he may theretofore have accepted it. If he accepted the property, as there is evidence tending to show, the contract was executed, the title of the property passed to him, and in the absence of a provision in the contract that the same should remain executory until the apparatus had been tested, he thereafter had no right to rescind the contract or return the property.

By directing a verdict the court took questions of fact, upon which the evidence was conflicting, from the jury,

and in effect advised them that as a matter ol law, the plaintiff had shown no right of action. This was error, and the judgment must be reversed and the cause remanded.

*Reversed and remanded.*