## John Adkins v. Mylo Lee et al.

CONTRACT—*what failure to perform, bars recovery.* A failure to perform a substantial and material part of a contract for the delivery of a heating plant will bar a recovery of the purchase

Adkins v. Lee.

price.   A literal performance, however, is not essential to re-
covery.

Assumpsit.   Appeal from the County Court of Cass county; the
Hon. DARIUS WALKER, Judge, presiding.   Heard in this court at
the November term, 1906.   Reversed and remanded.   Opinion filed
June 1, 1907.   Rehearing denied November 26, 1907.

SMITH & FRIEDMEYER, for appellant.

R. W. MILLS, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of
the court.

This is an action in *assumpsit* by appellees against
appellant for the recovery of the amount alleged to
be due them under a contract for the furnishing and
installation of a furnace in the dwelling of appellant.
The court tried the cause, without the intervention of
a jury, found the issues for the plaintiffs, assessed
their damages at $321.40, and rendered judgment upon
such finding.   From said judgment defendant appeals
and assigns as grounds for reversal that the judgment
is contrary to the law and the evidence, and that the
court erred in its rulings upon the propositions of law
submitted.

The declaration consisted of the common counts,
and a special count which sets out a contract between
the parties whereby appellees, for the sum of $336.50,
agreed to furnish and install in appellant's residence
by November 25, 1905, a furnace which should be
erected in a substantial and workmanlike manner, and
have the capacity to "heat the rooms in which regis-
ters were placed to seventy degrees Fahrenheit at the
breathing line, in the coldest weather   *   *   *   when
used intelligently and according to directions."

Performance of the contract by the plaintiffs and a
failure on the part of the defendant, are then averred.
The plea of general issue was interposed, and a stipu-
lation entered into between the parties that any de-
fense might be made thereunder that could be under

any, plea properly pleaded. No proof was offered tending to establish a right of recovery under the common counts.

The evidence shows that the furnace when installed failed to heat the kitchen according to the terms of the guaranty; that at times it. emitted gas in such quantities as to be exceedingly offensive, and that appellee failed to place a register in the parlor as provided by the contract.

We are of opinion that the finding of the court was clearly unwarranted by the evidence. To recover under the special count of the declaration it was essential that the plaintiffs should show a substantial performance of the contract on their part. This, we think, they utterly failed to do. The contract called for a furnace that would heat all the rooms of the house in which registers were required to be placed to the degree of temperature specified therein. It is not controverted that the furnace when installed failed to heat the kitchen in which a register was placed. It is sought to excuse performance in this respect by attempting to show that at the time the contract was entered into it was understood that the door between the dining room and kitchen was to be left open in order to supply the kitchen with sufficient heat, and that had this been done the temperature of the kitchen would have met the guaranty; also, that such failure to heat the kitchen was due to the unfinished condition of the building. The evidence fails to establish either of such contentions. The evidence shows that at the time of making the contract and guaranty, appellees examined the premises to be heated and then prepared and furnished appellant with a draft of the plan for the installation of the furnace and that it was erected in accordance therewith.

It is undisputed that the furnace emitted noxious and offensive gas and odors at times which circulated through the house causing great discomfort to the occupants. The contract was for the supplying and

Adkins v. Lee.

erection of a furnace to be used for a particular purpose, that of heating the house in question. Appellant had the right to rely upon the judgment and skill of appellees in the installation of the same, and to assume that when installed it would be reasonably fit for the purpose for which it was intended.

For the reasons aforesaid it was manifestly insufficient, unfit and unsuitable. While a literal performance of the contract might not have been necessary to a recovery by appellees thereunder and slight defects caused by inadvertence or unintentional omissions, such as the failure to supply and place a register in the parlor, would not necessarily have barred a recovery of the contract price less the expense of supplying such omission (Keeler v. Herr, 157 Ill. 57; Shepard v. Mills, 173 Ill. 223), the defaults referred to constituted such a failure to perform the contract in material and substantial particulars as to bar a recovery. The failure to supply a furnace which met the guaranty, and the installation of one which emitted gases through the house, cannot be said to be but slight or unimportant omissions or defects caused by inadvertence. We are cognizant of the well-established rule that the findings of a judge to whom a cause is submitted for trial without a jury is entitled to as much weight on controverted questions of fact as the verdict of a jury, and will not be set aside unless it is manifestly against the weight of the evidence, and we do not hesitate to apply the same in proper cases. Where, however, as in the case at bar, the evidence is clearly insufficient to support the finding and judgment, it becomes our duty to disapprove the same.

For the reasons stated the judgment must be reversed and the cause remanded.

*Reversed and remanded.*