[Civ. No. 1186.   Second Appellate District.—December 17, 1912.]

GEORGE J. BIRKEL COMPANY, Appellant, v. MRS. H. H. NAST, Respondent.

Untenable Action by Vendor of Piano Under Conditional Sale— Improper Findings.—An action cannot be sustained by the vendor of a piano conditionally sold to the defendant to recover the same, under findings, consisting of a jumble of both law and fact, that the title to the piano did not vest in the defendant, by reason of an action brought by plaintiff in the exercise of its option to recover the purchase money which defendant had agreed to pay, that the taking of the piano by plaintiff under a writ of attachment, and storing in plaintiff's warehouse was a recaption thereof by

plaintiff, and that under the terms of the contract title could not vest in defendant without her assent, and that she never assented thereto.

ID.—CONDITIONAL SALE OF PIANO—RESERVATION OF TITLE IN VENDOR UNTIL FULL PAYMENT — SECURITY—PROVISION FOR BENEFIT OF VENDOR—RIGHT OF WAIVER.—The provision of the contract for the conditional sale of the piano to the effect that the title should remain in the plaintiff as vendor thereof until payment of the full purchase price thereof, was inserted for the purpose of securing such payment, and therefore was for the benefit alone of the vendor, and it had the right to waive the provision for its sole benefit.

ID.—WAIVER OF RIGHT TO RETAKE PIANO BY ACTION FOR PURCHASE MONEY—ELECTION—TITLE VESTED IN DEFENDANT.—The plaintiff could not retake the piano and also sue for the price thereof. Therefore, when it brought this action for the purchase money, it waived its right to retake possession and elected to enforce payment. Having exercised its option to sue, it was debarred from all right to recover the property under a claim that title had not passed to defendant. The legal effect of such election was immediately to vest in defendant title to the piano as completely as though defendant had made full payment therefor.

ID.—DEFENDANT'S TITLE SUBJECT TO ATTACHMENT AND EXECUTION—DEPOSIT BY SHERIFF IN PLAINTIFF'S WAREHOUSE NOT A RECAPTION OF PIANO BY PLAINTIFF UNDER CONTRACT.—The title of the defendant may be subject to the lien of an attachment in the action for the purchase money, or to a sale under execution on the judgment. But the deposit by the sheriff of the attached piano in plaintiff's warehouse, was in no sense a recaption thereof by plaintiff under the terms of the contract, which only authorizes a retaking thereof by plaintiff without legal process. The defendant under the attachment might repossess the piano, either by paying the debt, or by bond for its release.

. APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. M. T. Dooling, Judge presiding.

The facts are stated in the opinion of the court.

E. S. Williams, for Appellant.

Geo. M. Harker, for Respondent.

SHAW, J.—Action to recover upon a contract for the conditional sale of a piano made by plaintiff to defendant. Judg-

ment went for defendant. Plaintiff moved for a new trial, which was denied, and it appeals from the order denying its motion, as well as from the judgment.

At the time of the delivery of the piano to defendant she executed a contract whereby she agreed to pay therefor to plaintiff the sum of six hundred dollars, as follows: Ten dollars upon the signing of the contract, and at least ten dollars on the eighth day of each month thereafter, together with interest, until the whole sum was paid, and that until said sum and interest should be fully paid the piano should remain the property of plaintiff, but upon full payment title thereto should vest in defendant; in addition to which, the contract contained the following clause: "I also hereby agree that if I fail to pay any of said monthly installments when due, or to fulfill and keep any other of the aforesaid conditions, thereupon George J. Birkel Company may enforce payment of all of said sum of $600 then unpaid and interest thereon; or, at its option, George J. Birkel Company may retake possession of said piano without legal process, and for that purpose may enter any premises where the same may be, and thereupon without further notice terminate this contract." Defendant made default in the monthly payments, which by the terms of the contract she was required to pay; whereupon plaintiff brought this action for the unpaid balance of principal and interest, and caused to be issued in said suit a writ of attachment under and by virtue of which the sheriff levied upon and took into his possession the piano, which he stored in a warehouse owned and controlled by plaintiff.

Upon these facts, the court found that title to the piano did not vest in the defendant by reason of the action brought by plaintiff, in the exercise of its option, to recover the purchase money which defendant had agreed to pay; that the taking of the piano by the sheriff under the writ of attachment and storing it in plaintiff's warehouse was a recaption thereof by plaintiff; that under the terms of the contract title could not vest in defendant without her consent, and that she never assented thereto.

These findings, consisting of a jumble of both law and fact, cannot be sustained. The provision of the contract to the effect that the title to the piano should remain in plaintiff until payment of the full purchase price thereof was inserted for the purpose of securing such payment, and therefore was

for the benefit alone of the vendor. Being for its sole benefit, it had the right to waive the same. (*Shepard* v. *Mills,* 173 Ill. 223, [50 N. E. 709].) Plaintiff could not retake the piano and also sue for the price thereof. (*Muncy* v. *Brain,* 158 Cal. 300, [110 Pac. 945].) Therefore, when it brought this action for the purchase money it waived its right to retake possession and elected to enforce payment. Having exercised its option to sue, it was debarred from all right to recover the property under a claim that title had not passed to defendant. (*Holt Mfg. Co.* v. *Ewing,* 109 Cal. 353, [42 Pac. 435]; *Park, etc. Co.* v. *White River Lumber Co.,* 101 Cal. 37, [35 Pac. 442].) The legal effect of such election was, immediately upon the filing of the complaint, to transfer to and vest in defendant title to the piano as completely as though defendant had made full payment therefor. (*Elsom* v. *Moore,* 11 Cal. App. 377, [105 Pac. 271]; *Shepard* v. *Mills,* 173 Ill. 223, [50 N. E. 709].) The title having passed to and become vested in defendant by reason of plaintiff's election to exercise its option to enforce payment, it was not only subject to an execution which might be issued upon a judgment obtained in the action, but likewise and for the same reason subject to levy under a writ of attachment issued in the suit. The act of the sheriff in taking possession of the piano was in no sense a recaption by plaintiff under the terms of the contract, which authorized the taking without legal process. Until a sale thereof under execution issued upon a judgment obtained in the action, the property belonged to defendant subject to the levy of the writ, possession of which she might obtain, either upon payment, or the giving of a bond for the release thereof. The act of the sheriff in storing it in plaintiff's warehouse was immaterial, so far as it affected plaintiff's rights in the matter.

Defendant in her answer set up certain facts as a separate defense. No findings, however, were made by the court upon the issues so tendered.

The judgment and order are reversed.

Allen, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 15, 1913.