[Civ. No. 4008.   First Appellate District, Division One.—December 9, 1921.]

FRED G. HOWLAND, Appellant, v. THE MEXIMERICAN COMPANY, S. A. (a Corporation), et al., Respondents.

[1] CONTRACT—COMPROMISE AGREEMENT OF PENDING LITIGATION—RESTORATION OF ACTIONS TO CALENDAR UPON DEFAULT—EFFECT OF PROVISION—RIGHT OF ACTION FOR FRAUD.—A provision in a compromise agreement between litigants that the plaintiff upon the defendant's default in the terms of the agreement might restore to the calendar the suits which were pending when the agreement was made and which it was provided should be dropped from the calendar, did not preclude the plaintiff from prosecuting an action for damages for false and fraudulent representations made at the time of the execution of such agreement, since he had an election to bring such suit or to restore the suits to the calendar.

[2] FRAUD—CONTRACT—ELECTION OF REMEDIES.—Where one has been induced by fraud to enter into a contract, he may elect to rescind by restoring whatever he has received under it, or he may affirm the contract, retaining whatever advantage he has acquired, and have his action for damages for deceit.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge. Reversed.

The facts are stated in the opinion of the court.

Pillsbury, Madison & Sutro and Carnahan & Clark for Appellant.

Goldman, Nye & Surr for Respondents.

TYLER, P. J.—This action was brought to recover damages for alleged false representations on the part of defendants, and for a breach of warranty made by them in connection with a certain compromise agreement in writing entered into by and between the parties hereto. A demurrer was interposed to an amended complaint, and this is an appeal from a judgment rendered upon an order sustaining such demurrer.

It appears from the complaint that prior to the time the compromise agreement was entered into plaintiff herein had filed and there was pending in the superior court of the county of Los Angeles two suits involving a large sum of money which the parties hereto were desirous of settling. These actions were on the calendar for trial on November 2, 1917, and for the purpose of settling and adjusting all matters involved between them the parties hereto entered into the compromise agreement which is the basis of this action.

The agreement in substance provided that The Meximerican Company should convey and transfer unto plaintiff all the real, personal, and mixed property belonging to that company, including all of its interests in certain lands in the state of Sonora, Mexico, which had been acquired by The Meximerican Company by virtue of the assignment to it of two certain contracts relating to such land. By the terms of these contracts defendants had acquired a right to purchase the land from its then owners, Victor and Fernando Aguilar, upon certain conditions.

Defendants agreed that they would at any time, upon request of plaintiff, execute to him such instruments of conveyance as would completely effectuate a transfer of their interests in such lands, and that they would also, within sixty days, procure and deliver the written acknowledgment of the Aguilars that they were able and willing to deed a portion of the tract, consisting of some eight thousand acres, for which it was represented to plaintiff the Aguilars had been fully paid, but which had not yet been conveyed to defendants.

In consideration of the execution of this document plaintiff agreed that the pending suits heretofore referred to would be taken off the calendar, and in the event that defendants should secure the said acknowledgment of the Aguilars as to the payment to them of the purchase price of the eight thousand acres, plaintiff would enter a full and complete satisfaction of such suits. It was further agreed that upon failure of these requirements the suits might be restored to the calendar upon motion of plaintiff.

Defendants failed to carry out the terms of the compromise agreement and in consequence this action was brought.

The action, as before stated, is one to recover damages for false and fraudulent representations made to plaintiff by defendants at the time of the execution of the compromise agreement, and for a breach of a written warranty given to plaintiff by defendants at that time, and upon which representations and warranty it is alleged the plaintiff relied, and was thereby induced to enter into said agreement. These representations and warranty were to the same effect, namely, that there were at least eight thousand acres of land in the tract for which the defendants had paid the Aguilars, which had not yet been conveyed to the defendants or either of them by said Aguilars, and which the defendant The Meximerican Company, S. A., was entitled to have conveyed to it upon request without further payment or consideration therefor. It is charged that the defendants made the statements to deceive and defraud plaintiff, and that he was deceived thereby; that the eight thousand acres of land had not been paid for; that plaintiff had demanded of defendants and the Aguilars a conveyance of the land, and that each of them had refused to make such conveyance. Defendants demurred generally and specially to the amended complaint and to each count thereof, the said demurrer including practically all of the statutory grounds. Defendants contended below, and do here, that because of the fact that the compromise agreement provided that appellant might, upon respondents' default, restore to the calendar the suits heretofore referred to which were pending when the compromise agreement was entered into and which were dropped from the calendar in pursuance thereof, appellant is confined in his remedy to a restoration of these suits.

[1] The trial court adopted this view, and the demurrers were sustained upon the ground that as the parties thus had prescribed the consequences that would follow the breach of the agreement, plaintiff was precluded from invoking any other remedy. We are of the opinion that the trial court was in error in its conclusion. [2] The principle is well established that where one has been induced by fraud to enter into a contract, that he may elect to rescind the contract by restoring whatever he has received under it, or he may affirm the contract, retaining whatever advantage he may have acquired and still have his action

for damages for deceit practiced upon him in making the contract. (*Burne* v. *Lee*, 156 Cal. 221 [104 Pac. 438].; *Spreckels* v. *Gorrill*, 152 Cal. 383 [92 Pac. 1011]; 12 Corpus Juris, 360; *Hines* v. *Brode*, 168 Cal. 507 [143 Pac. 729]; *Christensen* v. *Hamilton Realty Co.*, 42 Utah, 70 [129 Pac. 412].) In such a case the purchaser is entitled to the benefit of his bargain. And there is nothing in the contract of the parties as claimed that prevents plaintiff from pursuing the remedy here sought. The mere recital in the compromise agreement that plaintiff might restore his suits has no such effect. This right the plaintiff would have had upon the failure of defendants to perform their agreement without any express stipulation to that effect. The provision simply confers a remedial right which in any event and without the expression of which the law would have implied in appellant's favor. Then, too, the right of plaintiff to be remitted to his original causes of action was one for his benefit which he might waive, and sue upon the compromise if he so desired. (12 Corpus Juris, 360.) True, he may not pursue both remedies, but here plaintiff has elected to stand upon the compromise agreement instead of proceeding upon his original cause of action. His suit to recover damages for false representations and false warranties inducing him to enter into the compromise agreement constitutes such election. (*Birkel* v. *Nast*, 20 Cal. App. 651 [129 Pac. 945].) Nor is this conclusion in any manner affected by the lack of allegation that plaintiff has entered satisfaction of the suits. As before stated, the pursuit of the remedy here invoked constitutes his election.

For the reasons given the judgment and order are hereby reversed.

Kerrigan, J., and Knight, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 6, 1922.

All the Justices concurred.