**In re Ventura MALDONADO, Jr., Debtor.**

**BAP No. EC–83–1056–AbAsE.**
**Bankruptcy No. 282–00950–W–13.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued Nov. 18, 1983.

Decided May 24, 1984.

Robert S. Bardwil, a Member of Max Cline, P.C., Sacramento, Cal., for appellant.

Charles M. Gore, Stockton, Cal., for appellee.

Before ABRAHAMS, ASHLAND, and ELLIOTT, Bankruptcy Judges.

ABRAHAMS, Bankruptcy Judge.

The debtor appeals from an order allowing a claim as secured for the value of the

collateral. We hold that California's Unruh Act creates an election of remedies so that a creditor loses all significant rights in the collateral by obtaining judgment for the value of household furnishings. We therefore reverse.

### Background

The facts are agreed. The debtor-appellant bought carpeting for his home from appellee John Breuner Company (Breuners) and gave a security agreement for the unpaid balance of the purchase price. When the debtor failed to make his payments, Breuners obtained a state court judgment for the unpaid balance. Later, after the debtor filed a Chapter 13 case, Breuners submitted a secured claim for the current value of the collateral. There was an objection to the secured status of the claim. The trial court overruled the objection, stating that there is no election of remedies under the Unruh Act if the security agreement provides otherwise. Here, the security agreement contained a clause reserving title in Breuners even if it obtained a judgment.

### I

■ California's Unruh Act (Cal.Civ. Code sections 1801 et seq.) was designed to correct abusive practices and to protect the consumer in retail sales of consumer goods and services. 13 Cal.Jur.3d, Consumer 805.

Section 1812.2 states:

> In the event of any default by the buyer in the performance of his obligations under a contract or installment account, the holder, pursuant to any rights granted therein, may proceed to recover judgment for the balance due without retaking the goods, or he may retake the goods and proceed as hereinafter provided.

This section creates an election of remedies. *In re Drew*, CCH Bankruptcy Reporter ¶ 68,890 (1976). "[T]he seller must elect whether to abandon his security interest in the goods and sue for the balance due or to repossess the goods and give up his right to a deficiency judgment." Cal.

Cont.Ed.Bar, California Retail Installment Sales, § 3.69 (1969).

This provision for a binding election of remedies—either judgment or repossession—is contrary to the general California law under the Uniform Commercial Code. 3 Cal.Cont.Ed.Bar, California Commercial Law, § 6.11 (1966).

The apparent purpose of this deviation is:

> ... to protect consumers further in retail installment sales transactions. The price obtainable on resale of repossessed chattels (other than motor vehicles) is often so low that when the costs of repossession and sale are added to the deficiency remaining after sale, the consumer might find himself not only losing the chattel but also owing almost as much as the original price of the goods. In barring deficiency judgments, the Unruh Act protects the consumer against it. *Id.*

■ Here, the trial court based its decision upon *Ravizza v. Budd & Quinn*, 19 Cal.2d 289, 120 P.2d 865 (1942). That case announced the general California rule allowing the holder of a conditional sale contract both to repossess and to obtain judgment if the contract so provides. This 1942 case was overruled—as to consumer goods and services contracts—by the Unruh Act which became effective in 1960. Thus, despite any provisions in the contract to the contrary, there was a binding election when Breuners obtained its purchase price judgment; it no longer has any rights to the carpeting.

### II

Breuners contends that it has a "security interest" because (a) the Unruh Act only affects the right to foreclose and not the security interest itself and (b) when this case was filed, California law recognized the continuing security interest by denying an exemption claim for goods in a suit to recover the price of those goods.

### A

■ Under 11 U.S.C. section 502(b)(1), a claim cannot be allowed to the extent that

local law makes it unenforceable. Here, as stated above, California law prohibits enforcement of Breuners' lien so it cannot be a secured claim.

## B

■ California Code of Civil Procedure, section 690.52, at the time this case was filed,[1] provided that property is not exempt from execution on a judgment for its purchase price. Breuners argues that this section gives it a security interest. The section, however, is only a limitation on exemptions and creates no lien or other security interest. In addition, this limitation applied to all purchase price judgments, whether or not there was a security agreement. Accordingly, it cannot be called a security interest.

■ Breuners also argues that this purported security interest means the entire value of the carpeting is secured. This is a common misconception as to secured claims. The argument is that, if a creditor has *any* security interest, it is entitled to protection for the *entire value* of the collateral. This is not the law. Under 11 U.S.C. section 506(a), a claim "is a secured claim to the extent of the value of [the] creditor's interests" in the estate's interest in the property. The entire claim is not a secured claim. The claim is secured only to the extent of the value of the secured interest.

At the oral argument, Breuners indicated it had no desire to retake the carpeting. Obviously, the cost of executing on this carpeting—which was valued at approximately $100—is not warranted. If there will be no execution, there is no value to an exception from exemption, and there is no value to this purported secured claim.

The claim cannot be treated as secured for any amount and the order must therefore be reversed.

---

1. This provision was not included in California's new Enforcement of Judgments Law, which became effective on July 1, 1983. See Cal.Civ. Code § 703.010(b).