**In re Louis and Andrea P. MOTTOLA, Debtors.**

**Bankruptcy No. 884–40778–20.**

United States Bankruptcy Court, E.D. New York, at Westbury.

Nov. 21, 1985.

Holland & Zinker, Smithtown, N.Y., for debtor.

Tucker & Lacher, Huntington, N.Y., for Bank of Babylon.

## DECISION AND ORDER

ROBERT JOHN HALL, Bankruptcy Judge.

This matter came to be heard on the motion of debtors for an order reopening their bankruptcy; and upon such order, directing the Bank of Babylon to release its mortgage on debtors' residence. Further, debtors requested punitive damages against the bank for violation of the bankruptcy stay. The court hereby reopens debtors' case and orders the Bank of Babylon to release its mortgage, but the court declines to impose sanctions upon the bank.

### FACTS

The parties agree to the following facts:

Debtors were the principals of a business named Collector's Paradise.

On December 30, 1982 Collector's Paradise, Inc. borrowed $75,000.00 from the Bank of Babylon. The loan was secured by all of the business property as well as a mortgage on debtors' home at 301 Walker Street, North Babylon, New York. The mortgage recites that it was given,

> to secure the payment of an indebtedness in the sum of TWENTY THOUSAND and 0/100 ($20,000) DOLLARS, Lawful money of the United States with interest thereon to be computed from the date hereof, to be paid according to a certain note of COLLECTOR'S PARADISE, INC. held by the mortgagee bearing even date herewith ..."

On May 8, 1984 debtors filed a petition for bankruptcy, and on September 6, 1984 the court discharged debtors of their debts.

As of April 1985, debtors had satisfied their obligation to the bank to the extent of the $20,000 set forth in the mortgage on their home, but the balance owed to Bank of Babylon on the $75,000 borrowed by Collector's Paradise remains unpaid. The balance owed is approximately $55,000 ($75,000—$20,000).

Debtors have requested that the bank release their residence from the lien of its mortgage. The bank refused.

## DISCUSSION

The bank argued that since Collector's Paradise obtained $75,000, the debtors are not entitled to a release from lien until the whole $75,000 is paid. The bank reasons that since debtors had only $20,000 in equity in their home when the mortgage was issued, the court should deem that debtors granted the bank not a $20,000 interest in their home, but an interest in their 'equity' in the home. Consequently, the bank argues that since the debtors equity has increased since the loan was issued, they must turnover their additional equity as it accrues until they have satisfied the total $75,000 borrowed.

11 U.S.C. § 506 states that:

An allowed claim of a creditor secured by a lien on property ... is a secured claim to the extent of the value of such creditor's interest

In this case, the mortgage document itemizes the value of the lien on debtors' home in no uncertain terms as $20,000. The fact that the debtors had only $20,000 in equity was no bar to debtors agreeing to give the bank more than $20,000 in equity as security, and thus the bank's argument that it constructively obtained more than a $20,000 interest is groundless. As stated by the Ninth Circuit Bankruptcy Appellate Panel in a similar instance:

The argument is that, if a creditor has *any* security interest, it is entitled to protection for the *entire value* of the collateral. This is not the law. Under 11 U.S.C. section 506(a), a claim "is a secured claim to the extent of the value of [the] creditor's interest." The entire

claim is not a secured claim. The claim is secured only to the extent of the value of the secured interest.

(Emphasis in original). *In re Maldonado*, 46 B.R. 497 (Bankr.App. Panel 9th Cir. 1984).

Accordingly, the Bank of Babylon is ordered forthwith to release its lien on debtors' residence.

SO ORDERED.