In re Andrew Gray EGBE, Debtor.

MERCHANTS RECOVERY SERVICE,
INC. Appellant,

v.

Andrew Gray EGBE, Appellee.

BAP No. CC–88–1209–JMeMo.

Bankruptcy No. LA X 87–53321 GM.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted Nov. 17, 1988.

Decided Nov. 30, 1989.

Dennis E. McGoldrick, McGoldrick, Casey & McGoldrick, Gardena, Cal., for appellant.

D.W. Trousil, Law Offices of D.W. Trousil, El Monte, Cal., for appellee.

Before JONES, MEYERS and MOOREMAN, Bankruptcy Judges.

JONES, Bankruptcy Judge:

The Appellant appeals the bankruptcy court's confirmation of the Debtor's Chapter 13 Plan treating Appellant as an unsecured creditor. WE REVERSE.

## FACTS

The Debtor, Andrew Gray Egbe, financed the purchase of a 1983 Mercedes automobile with California Federal Savings and Loan Association ("California Federal"). Along with this financing transaction, the Debtor executed and delivered a security agreement to California Federal which expressly granted it the rights of a secured creditor with cumulative rights and remedies under the California Commercial Code.

The Debtor defaulted on its payment arrangement with California Federal. California Federal assigned its interest in the claim to Merchants Recovery Services, Inc., a collection agency ("Appellant"). The Appellant filed suit on the contract and obtained a judgment against the Debtor in state court. Neither the Appellant nor the Appellant's assignor resorted to repossession of the automobile.

Subsequently, the Debtor filed a Chapter 13 bankruptcy petition and listed the debt to the Appellant as unsecured. The Debtor's plan allows for the payment of only a percentage of unsecured claims. The Appellant filed an objection to the classification of its claim as unsecured. Over the Appellant's objection the bankruptcy court confirmed the Debtor's Chapter 13 Plan. The Appellant timely appealed.

## STANDARD OF REVIEW

Whether the Appellant is entitled to secured creditor status under California law is a question of law. Questions of law are entitled to *de novo* review. *In re Pizza of Hawaii,* 761 F.2d 1374 (9th Cir.1985).

## DISCUSSION

The bankruptcy court confirmed the Debtor's Chapter 13 plan, which classified the Appellant as unsecured, on the ground that the Appellant had elected its remedy by pursuing a judgment. Moreover, the bankruptcy court determined that the doctrine of res judicata barred the Appellant from asserting its status as a secured creditor pursuant to a security agreement. The bankruptcy court rejected the Appellant's argument that, as its remedies are cumulative pursuant to its security agreement and general California law, the doctrine of election is inapplicable. The bankruptcy court also rejected the Appellant's argument that there can be no election, and therefore no res judicata bar, because it was foreclosed from pursuing an election by California's law prohibiting collection agencies from participating in possessory actions. The bankruptcy court acknowledged, however, that under California law it is unclear whether a creditor continues to be secured by virtue of its security agreement despite its new status as a judgment creditor.

On appeal, the Appellant argues that the bankruptcy court erred in confirming the Debtor's plan, which classified its claim as unsecured. In support of its position, the Appellant argues that the agreement between the Debtor and California Federal provided California Federal, and its assignee, the Appellant, with all the rights and remedies of a secured creditor under the California Commercial Code.[1] Section 9501(1) of this Code provides that secured creditors' remedies are cumulative. *See* Cal.Com.Code 9501(1) (Supp.1989). Thus, the Appellant contends that it is impossible for it to have exclusively elected a remedy. California Uniform Commercial Code § 9501(1) provides:

> When a debtor is in default under a security agreement, a secured party has the rights and remedies provided in the chapter and except as limited by subdivision (3) those provided in the security agreement. The secured party may reduce his or her claim to judgment, foreclose or otherwise enforce the security interest by any available judicial procedure. If the collateral is documents the secured party may proceed either as to the documents or as to the goods covered thereby. A secured party in possession has the rights, remedies and duties provided in Section 9207. *The rights and remedies referred to in this subdivision are cumulative.*

Cal.Com.Code § 9501(1) (Supp.1989) (emphasis added).

California Uniform Commercial Code § 9501(1) should be read in conjunction with § 9501(5).[2] This section provides:

> When a secured party has reduced his or her claim to judgment the lien of any levy which may be made upon his or her collateral by virtue of *any execution*

---

1. According to Section 6301 of the California Vehicle Code, which provides for the perfection of a security interest, the rights of all persons in a vehicle shall be subject to the provisions of the Uniform Commercial Code. *See* Cal.Veh.Code § 6301 (1989).

2. Official Comment 6 to Uniform Commercial Code § 9–501 discusses the interplay between subsections (1) and (5). This comment provides:

   > Under subsection (1) a secured party is entitled to reduce his claim to judgment or to foreclose his interest by any available procedure, outside this article, which state law may provide. The first sentence of subsection (5) makes clear that any judgment lien which the secured party may acquire against the collateral is, so to say, a continuation of his original interest (if perfected) and not the acquisition of a new interest or a transfer of property to satisfy an antecedent debt. The judgment lien is therefore stated to relate back to the date of perfection of the security interest. The second sentence of the subsection makes clear that a judicial sale following judgment, execution and levy is one of the methods of foreclosure contemplated by subsection (1); such a sale is governed by other law and not by this article and the restrictions which this article imposes on the right of a secured party to buy in the collateral at a sale under Section 9–504 do not apply.

*based upon the judgment shall relate back to the date of the perfection of the security agreement* in the collateral. A judicial sale, pursuant to that execution, is a foreclosure of the security interest by judicial procedure within the meaning of this section, and the secured party may purchase at the sale and thereafter hold the collateral free of any other requirements of this division.

Cal.Com.Code § 9501(5) (Supp.1989) (emphasis added).

■ Appellant argues that, pursuant to the above provisions, there is no longer an election of remedies in California, except when the doctrine is enacted to apply to a specific transaction. The Appellant contends that without a specific enactment retaining it, the Commercial Code displaces the common law doctrine of the election of remedies. We agree.

The Bankruptcy Appellate Panel considered California's Unruh Act (a consumer protection law) and determined that the Act creates an election of remedies. *In re Maldonado*, 46 B.R. 497, 498 (9th BAP 1984). *See also,* Cal.Civ.Code §§ 1801 *et. seq.* (1989). The Panel further determined that this election provision is contrary to general California law under the California Uniform Commercial Code, which provides that a secured creditor's remedies shall be cumulative.

In contrast, the Rees–Levering Act, which governs installment sales of motor vehicles, has no provision for the election of remedies. *See* Automobile Sales Finance Act, Cal.Civ.Code § 2981 *et seq.* (Supp.1989). In addition, as noted *supra,* § 6301 of the California Vehicle Code provides that the rights of all persons in a vehicle shall be subject to the provisions of the Uniform Commercial Code. As the Acts specifically relating to automobile installment sales and perfection of security interests in vehicles does not contain language contrary to § 9501(1), all remedies continue to be cumulative pursuant to California Commercial Code. Accordingly, the common law doctrine of election is inapplicable in this case.

Moreover, California case law has held that a security agreement which provides for cumulative remedies eliminates the election of remedies doctrine. In 1942, the California Supreme Court stated "we are convinced that the terms of the specific conditional sale contract are of vital importance in determining whether the doctrine [of election of remedies] is properly invoked in such case. In other words, the rights and liabilities of the parties to a conditional sale contract are controlled by the terms of the particular contract involved." *Ravizza v. Bud and Quinn, Inc.,* 19 Cal.2d 289, 293–294, 120 P.2d 865 (1942) (*Ravizza* was overruled as to consumer goods and services contracts by the Unruh Act in 1960, Cal.Civ.Code § 1801 et seq. Accordingly, a creditor with security in consumer goods or services contract loses all significant rights in its collateral by obtaining judgment for the value of the collateral. *See In re Maldonado, Supra.*).

The language in the sale agreement in *Ravizza,* which was found to be sufficient to negate the election of remedies doctrine, is similar to the language in the Debtor's security agreement with California Federal. The *Ravizza* agreement provided:

> Neither the loss of, injury to, or destruction of, said property, nor renewals or extensions of this contract, or of any of said promissory notes, *nor institution of suit or procurement of judgment thereon,* nor the hypothecation, assignment or discounting of this contract together with any of said promissory notes, *shall operate* as payment, or as a transfer of title to buyer or in any manner *to release him from any obligation hereunder.*

*Ravizza* at 120 P.2d 868 (emphasis added). The security agreement in this case provides:

> This security agreement will remain in effect until the Note and any other sum secured hereby has been completely paid and I have done everything else I have agreed to in this security agreement.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> Any failure on my part to do anything I have promised or agreed to in this security agreement or Note may be regarded

by you without notice to me a default and you shall have all the rights and remedies of a secured party under the California Commercial Code, or other applicable law, *and all rights or remedies shall, to the extent permitted by law, be cumulative.*

In sum, the language in both security agreements states that remedies shall be cumulative until all obligations are satisfied. The agreement in *Ravizza* was held to mean this and the agreement in the instant case unequivocally states this.

The Debtor contends that the Appellant misplaces its reliance on *Ravizza* and that the language in the referenced agreements is significantly different. According to the Debtor, the language "nor institution of suit or procurement of judgment thereon" was critical to the *Ravizza* court's determination that the defense of the election of remedies had been waived. No such language exists in the present case. The instant contract is silent as to the issue of a law suit between the parties. The court below agreed with the Debtor's position when it stated that the language in the Debtor's security agreement was "nowhere near the terminology" present in the *Ravizza* agreement.

However, while the *Ravizza* court did acknowledge the language regarding the institution of suit, it was not the sole factor the court relied upon in determining that a waiver occurred. Rather, the court looked at the clause as a whole and determined that the entire passage negated the election doctrine. The court inferred that with cumulative remedies a waiver of election remains in force even if there is a judgment for the purchase price, as long as the judgment is not satisfied.

The *Ravizza* court later reiterated this position in its discussion on waiver of a provision that waives election. The court stated "[w]hen the election is specifically

negatived, even if a suit is brought and judgment obtained, certainly more delay in enforcing his rights, together with demands for the purchase price, does not create a waiver of that specific provision." *Ravizza,* 120 P.2d at 869. Thus, the court reinforced its earlier inference that a judgment, sans satisfaction, does not constitute an election when a secured creditor is entitled to cumulative remedies. We agree. Therefore, just as the creditor in *Ravizza* was entitled to pursue cumulative remedies, the immediate agreement allows the Appellant to pursue cumulative remedies. Accordingly, obtaining a judgment does not render the Appellant unsecured. Rather, the Appellant continues to be secured through its security agreement.

Next, the Appellant contends that it could not truly exercise any election because California law prevents it, as a collection agency, from bringing a possessory action as an assignee party.[3] The Appellant argues that as its only remedy was to sue on the note, it cannot be held to have elected a remedy. In light of our decision above, that the Appellant continues to be secured because its remedies are cumulative under the California Commercial Code, we need not consider this argument.

Finally, the Debtor asserts that the Appellant is seeking to split its claim and thereby defeat the doctrine of res judicata. In sum, the Debtor argues that the Appellant received what it and California Federal bargained for: a money judgment. Accordingly, under the rules of the doctrine of res judicata, whatever causes of actions the Appellant possessed when it obtained the judgment merge into that judgment.

■ Res judicata refers "to the preclusive effect of a judgment in foreclosing relitigation of matters that were litigated or could have been litigated in an earlier suit." *Migra v. Warren City School Dis-*

---

**3.** California Business and Professions Code § 6947 provides in pertinent part:

No suit may be instituted on behalf of a collection agency licensee in any court on any claim assigned to it in its own name as the real party in interest *unless* it appears by a duly authorized and licensed attorney at law.

A collection agency may not appear as an assignee party in any proceeding involving claim and delivery, replevin, or other possessory action, action to foreclose a chattel mortgage, mechanic's lien, materialman's lien or any other lien. Cal.Bus. & Prof.Code § 6947 (1989) (emphasis added).

*trict Board of Education,* 465 U.S. 75, 77, 104 S.Ct. 892, 894, 79 L.Ed.2d 56 (1984). The doctrine is important in light of the court's concern for judicial economy and relief to crowded dockets. Courts will not "... upset the general and well established doctrine of res judicata conceived in the light of the maxim that the interest of the state requires that there be an end to litigation—a maxim which comports with common sense as well as public policy...." *Federated Department Store v. Moitie,* 452 U.S. 394, 401, 101 S.Ct. 2424, 2429, 69 L.Ed.2d 103 (1981) (citations omitted). As the Appellant sought judgment on the contract, and at that time could have raised other claims, he is now precluded from pursuing judicial relief in any future action. We are inclined to agree with this argument. However, because the Appellant has a right to cumulative remedies under California's Commercial Code, it may pursue any extra-judicial rights available to it. It also retains its lien in the vehicle.

### CONCLUSION

The status of the law in California on whether a secured creditor becomes unsecured in bankruptcy because it chooses to obtain judgment but does not execute, is unsettled. Despite the absence of a settled body of law on this issue, California case law and § 9501(1) and (5) of the California Commercial Code render the doctrine of election inapplicable in this case. Thus, the Appellant maintains its secured status despite the taking of a judgment. However, the Appellant's future attempts to satisfy its claim through the court should be tempered by the doctrine of res judicata. Accordingly, we·REVERSE the Order below to the extent that it classified the Appellant's claim as unsecured pursuant to the doctrine of election of remedies.