[Civ. No. 2983. Second Appellate District, Division One.—November 19, 1920.]

## LENA MAE BRICE, Appellant, v. HOWARD WALKER et al., Respondents.

[1] PLEADING—ELECTION OF REMEDIES.—In general terms, waiver by election occurs when a party having two or more different and coexisting modes of procedure and relief allowed by law on the same state of facts and the one being inconsistent with the other elects to pursue one of those remedies.

[2] MORTGAGE — ACTION ON NOTE — DISMISSAL BEFORE JUDGMENT — FORECLOSURE.—The lien of a mortgage is not waived nor the right of foreclosure lost by the mere commencement of an action at law on the note for which the mortgage was given, and where

the action is dismissed before judgment, the mortgagee may bring an action of foreclosure.

[3] CLAIM AND DELIVERY—MORTGAGED PERSONAL PROPERTY—RECOVERY BY DONEE OF MORTGAGOR—PAYMENT OF DEBT.—A donee of mortgaged personal property cannot maintain an action in claim and delivery to recover the possession of the property from the assignee of the mortgagee without payment of the note to secure which the mortgage was given, where the possession was peaceably obtained from the mortgagor and under the terms of the mortgage the mortgagee was entitled to such possession until payment.

APPEAL from · a judgment of the Superior Court of Los Angeles County. Dana R. Weller, Judge. Affirmed.

The facts are stated in the opinion of the court.

R. T. Quinn for Appellant.

O'Melveny, Millikin & Tuller for Respondents.

CONREY, P. J.—The plaintiff, claiming to be the owner and entitled to the possession of a certain automobile, brought this action to recover possession thereof. Judgment having been entered in favor of the defendant, the plaintiff appeals therefrom.

On the seventeenth day of November, 1916, the plaintiff's father, Charles P. Brice, being then and there the owner of said automobile, made and delivered his note of that date at Los Angeles, California, due six months after date, for the sum of three hundred dollars, to the Western Union Life Insurance Company, together with a mortgage of the automobile, as security for payment of the note. The note and mortgage passed by assignment to the defendant, First State Bank of St. Joe, Idaho. On the eighteenth day of March, 1918, the First State Bank commenced an action in the state of Arizona in a court of competent jurisdiction against Charles P. Brice on sundry obligations, including said note. Thereafter, and after the commencement of the present action but prior to the trial thereof, defendant bank so amended its complaint in the action in Arizona that the count on the said note was omitted from that action. After the thirty-first day of May, 1918, but prior to the tenth day of June, 1918, Charles P. Brice, by

gift *inter vivos*, presented to the plaintiff herein all of his right, title, and interest in and to the said automobile. This transfer was without consideration and without the knowledge or consent of, and without notice to, the defendant bank. At the time of said transfer the plaintiff knew of the existence of the chattel mortgage. Defendant has been in peaceable possession of the automobile ever since the twenty-first day of May, 1918.

Appellant contends that by bringing the suit on the note in Arizona the defendant bank waived its mortgage lien. [1] In general terms, waiver by election occurs when a party having two or more different and coexisting modes of procedure and relief allowed by law on the same state of facts and the one being inconsistent with the other elects to pursue one of those remedies. Appellant calls attention to section 726 of the Code of Civil Procedure, as found in the chapter on actions for foreclosure of mortgages, and providing that ''there can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real or personal property, which action must be in accordance with the provisions of this chapter''; and argues that by electing to proceed in an action at law on the note alone in a court foreign to the *situs* of the mortgaged property, the defendant bank waived not only the right to foreclose the mortgage but abandoned the lien itself. She therefore contends that, since the automobile was given to her by the owner thereof while the action on the note was pending in the state of Arizona, she took the property free from the lien of the mortgage; and that this is true, although such action in Arizona was thereafter dismissed, so far as said note was concerned, and never proceeded to judgment.

In the case of *Ould* v. *Stoddard*, 54 Cal. 613, the payee of the note, which was secured by mortgage on property in this state, first obtained a judgment upon the note against the maker, in a court of competent jurisdiction in the state of Ohio, and then prosecuted an action in this state to foreclose the mortgage. The Ohio judgment had not been paid and an execution issued thereon had been returned wholly unsatisfied. In the foreclosure case it was decided that by electing to bring the action on the note alone in the state of Ohio, the plaintiff waived the security

of the mortgage. Referring to section 726 of the Code of Civil Procedure, the court said: "It is not difficult to discover the policy which dictated the enactment of this statute. The tendency of modern legislation is to prevent a multiplicity of suits, and no one doubts the wisdom of it. In order to give to this statute the force and effect which the legislature intended it should have, we must hold that by prosecuting an action upon the note secured by the mortgage to final judgment, the plaintiff has exhausted his remedy upon both the note and the security. To hold otherwise would be to hold that there may be two actions, where the statute declares there can be but one."

Counsel for appellant insists that the mere commencement of the action on the note in the Arizona court was a complete and irrevocable election to substitute that remedy for the remedy by foreclosure of the mortgage. Our attention is called to several decisions relied upon as supporting this proposition. These were conditional sale contracts in which, upon default in payment by the purchaser, the vendor had the right to bring an action for the purchase money, and had the alternative right to retake possession of the property. It was held that the vendor could not retake the property and also sue for the purchase price thereof. In *George J. Birkel Co.* v. *Nast,* 20 Cal. App. 651, [129 Pac. 945], the court said: "The legal effect of such an election was, immediately upon the filing of the complaint, to transfer to and vest in defendant title." In *Holt Mfg. Co.* v. *Ewing,* 109 Cal. 353, [42 Pac. 435], referring to a similar contract and the same alternative remedies, the court said: "These remedies being inconsistent, the plaintiff should elect which he would pursue, but he cannot have both." *Parke etc. Co.* v. *White River L. Co.,* 101 Cal. 37, [35 Pac. 442], referred to the same alternative remedies, and the court said that "the pursuit of one remedy necessarily excluded the other. It was not entitled to both the purchase price and the property, and an action brought to recover the purchase price, as was done in this case, is a ratification of the sale." In each of the two cases last above cited it appeared that the alternative remedies first used by the plaintiff had been carried to judgment before the plaintiff commenced his second action. In *Geo. J. Birkel Co.* v. *Nast, supra,* the plaintiff was seeking to hold

by attachment the property which by conditional sale contract had been delivered to the defendant. In none of these cases was it necessary to determine that the commencement of an action, followed by the voluntary dismissal thereof by the plaintiff without any judicial action by the court, and without any special proceeding by attachment or otherwise against the defendant's property, constituted an irrevocable election of the prior remedy. In *J. I. Case Threshing Machine Co.* v. *Copren Bros.,* 45 Cal. App. 159, [187 Pac. 772, 775], referring to the doctrine of election between remedies, the third district court of appeal said: "The cases where that principle has been successfully invoked are generally where a party, having two different and distinct remedies available to him for the enforcement of a single right or obligation, has adopted one of the remedies and through it has pressed his action to final judgment, and, finding that he has failed to adopt the course or the remedy which would have rendered the execution of his judgment the more effectual, attempts to invoke the other remedy."

In *Frost* v. *Witter,* 132 Cal. 421, [84 Am. St. Rep. 53, 64 Pac. 705], the plaintiff was the owner of a note secured by mortgage. Two days before the day when plaintiff's right of action would have been barred by the statute of limitations he filed a complaint on the note without reference to the mortgage. Four days later he filed an amended complaint which, in addition to the matter alleged in the original complaint, counted also on the mortgage. The mortgagor moved to strike from the files the amended complaint on the ground that it wholly changed the cause of action, which motion was denied. He then demurred on the ground that the right of action counted upon in the amended complaint was barred. This demurrer was overruled, and thereafter judgment of foreclosure was entered. The judgment was affirmed. The supreme court held that "the cause of action set up in the original and that set up in the amended complaint was simply the obligation sought to be enforced—that is to say, to pay the money agreed to be paid—and that the only change that took place was in the remedy by which it was sought to enforce the obligation." Since the cause of action was not changed, the time to which the statute of limitations ran was the time of filing the original com-

plaint. While the doctrine of election was not discussed in that opinion, it was an implied element in the decision; for if the mere commencement of the action as an action at law on the note constituted a complete election which barred the lien of the mortgage and the right to foreclose the same, then the mortgagee would not have been permitted to pursue his remedy by foreclosure. [2] We are of the opinion that on the facts of the case at bar the lien of the mortgage has not been lost, and the right of foreclosure continues in existence.

[3] Respondents contend, and with this we agree, that even if by reason of its conduct in having commenced an action on the note in Arizona, it would now be precluded from foreclosing the mortgage in the courts of this state, nevertheless the judgment should be affirmed because the plaintiff simply stands in the position of her donor, she having paid no consideration for the property, and that she, like her donor, is not entitled to recover possession of the automobile unless she first does equity by paying or offering to pay the note to secure which the mortgage was given. Defendant bank has possession of the automobile, which possession was peaceably obtained from the owner, and under the terms of the mortgage is entitled to such possession until the mortgage debt has been paid. In *Spect* v. *Spect,* 88 Cal. 437, [22 Am. St. Rep. 314, 13 L. R. A. 137, 26 Pac. 203], where it appeared that the mortgagee had taken possession of mortgaged premises with the consent of the mortgagor, it was held that the grantee of the mortgagor could not maintain ejectment against the mortgagee in possession without first paying the mortgage debt. The court said: "Whenever a mortgagor seeks a remedy against his mortgagee, which appears to the court to be inequitable, whether it be to cancel the mortgage as a cloud upon his title (*Booth* v. *Hoskins,* 75 Cal. 271, [17 Pac. 225]), or to enjoin a sale under the power given by him in the security (*Grant* v. *Burr,* 54 Cal. 298), or to recover from the mortgagee the possession of the mortgaged premises, the court will deny him the relief he seeks, except upon the condition that he shall do that which is consonant with equity." In *Burns* v. *Hiatt,* 149 Cal. 617, [117 Am. St. Rep. 157, 87 Pac. 196], after making the same quotation above given from *Spect* v. *Spect,* the

court says: "It was further declared in that case that the fact that the debt is barred by the statute of limitations is immaterial in such a case, the statute barring the remedy only, and not extinguishing, or even impairing, the obligation of the debtor. As long as the obligation to pay the debt exists, it is not equitable that the mortgagor should have relief against the mortgage given to secure the same, and such relief can be given only on condition that he discharges the obligation."

No distinction can be made between the case at bar and the case of an obligation which has been barred by the statute of limitations, for in the latter case the code provides that the lien is extinguished. Nevertheless, although the lien may be extinguished, the debt is not satisfied by mere lapse of time. So here, the utmost that could be claimed by the plaintiff or her donor, even if that claim were sustained, would be that the right to foreclose the mortgage has been extinguished. The debt remains unsatisfied. This being so, the plaintiff cannot recover possession of the property without first paying the debt on account of which the mortgage was given.

The judgment is affirmed.

Shaw, J., and James, J., concurred.