[Civ. No. 857. Fourth Appellate District.—July 9, 1931.]

MARTIN MUSIC COMPANY (a Corporation), Appellant, v. ADA E. ROBB, Respondent.

Ed Fitzpatrick for Appellant.

Edward W. Forgy for Respondent.

GRIFFIN, J., *pro tem.*—The plaintiff, claiming to be the owner and entitled to the possession of a certain piano, brought this action to recover possession thereof. Judgment having been entered in favor of defendant, the plaintiff appeals therefrom.

The right of possession in plaintiff is based on a monthly installment note contract under which defendant agreed to pay $2,250. She was given credit thereon in the sum of $286, being in default as to the balance due of $1964. The evidence indicates that a piano was taken in by plaintiff from defendant in the transaction. The contract bears date August 21, 1925. The complaint in this action was filed July 14, 1927.

The contract provides, among other things, that title shall remain in the plaintiff, and "if she fails to pay any of said installments when due . . . then the entire unpaid balance of this contract with interest and all accrued costs, including drayage and attorney's fees, shall in any of said cases immediately become due and payable and Martin Music Company or assigns may enforce payment of the entire amount of principal, interest and costs aforesaid then unpaid, or if they so elect, they may cancel this contract and take possession of said instrument without legal process".

A statement of the facts discloses the following: That prior to the twenty-sixth day of May, 1926, plaintiff assigned the above-mentioned contract to one B. J. Tobey for collection; that on said twenty-sixth day of May, 1926, after several demands had been made for payment of the amount due, this assignee brought suit in his name against the defendant Ada E. Robb, to enforce payment of the full amount due under the contract, and alleged in his complaint under oath that "plaintiff has elected to exercise the option set forth in said contract and declare the whole amount of principal and interest due under the terms of said contract, and does hereby exercise said option and declares that whole of said principal sum of $1964.00 and interest immediately due and payable". That Mrs. Robb was served

with summons on May 27, 1926. Default of defendant for failure to appear was entered by the plaintiff in said action June 8, 1926. That on July 31, 1926, plaintiff filed a dismissal of said action and it was dismissed as of that date, without prejudice. No demand for the return of the piano was made.

The evidence further discloses that on June 5, 1926, Mrs. Robb filed her voluntary petition in bankruptcy and on the same day was adjudicated a bankrupt by the United States District Court. In her petition in bankruptcy she listed the claim of Martin Music Company as a ''secured claim'', stating in said listing that it was assigned to Tobey and that he had sued thereon in the Superior Court of Los Angeles County. That after the dismissal on July 31, 1926, of the above-mentioned suit, Tobey reassigned the claim to the Martin Music Company; that on December 8, 1926, the Martin Music Company filed with the bankruptcy referee proof of secured claim based upon said contract, which was allowed in full by the referee. Claims of other creditors were also filed.

On March 25, 1927, the Martin Music Company filed its petition for reclamation of the piano, based upon said contract, which petition was denied by the referee on June 14, 1927. In his order denying the petition the referee permitted Mrs. Robb to amend her original petition in bankruptcy so as to include the piano among her property claimed as exempt under subdivision 2, section 690 of the Code of Civil Procedure, and further stated in said order that it had not been shown by evidence that the trustee ever had possession of the piano . . . and it then appearing that the piano would not become any part of the estate of the bankrupt coming into the hands of the trustee, the petition would be denied. On January 16, 1928, she was granted a final discharge in the bankruptcy proceedings. No appeal from any of the orders was taken.

At least four suits were filed against Mrs. Robb before bankruptcy, one being before the Tobey action. Mrs. Robb testified that prior to the Tobey suit her creditors had been pressing her for payment, but had agreed to give her a chance and that this arrangement was interrupted because of that suit. That she had no intention of going into bankruptcy until this suit was filed. This last-mentioned evidence was admitted over objection.

The trial court found that the plaintiff did, prior to the bringing of this action, exercise one of the two options which it was entitled to exercise under the terms of said contract, and did fully and irrevocably elect to enforce payment of the purchase money for the piano, and did fully and irrevocably waive its option to repossess itself of such piano, and that prior to the bringing of this action title to the piano was fully and finally vested in the defendant.

Respondents contend that in addition to having made an election, which was complete on a matter which required an election, plaintiff specifically placed itself within the jurisdiction of the bankruptcy court in two ways: First, by filing its proof of claim, which was approved, and secondly, by filing a petition for reclamation, which was denied, no appeal or attempt to modify either determination having been made, and that subsequently thereto, the discharge in bankruptcy was granted, making the matter *res judicata.*

Appellant contends that the evidence does not support the finding and that the trial court erred in the reception of certain evidence over objection. Appellant urges with some sincerity the equities of the case in support of his argument as to the law applicable. If it were a matter to be determined by equity rather than the law of the case we find considerable merit in his contention.

In *Holt* v. *Ewing,* 109 Cal. 353 [42 Pac. 435], it was held, in a case where an election had been made as to goods sold on a conditional sale contract, and a claim was filed against an estate rather than repossess the goods under the contract, that the vendor in a conditional sale, electing to present a claim for the whole remainder of the purchase money against the estate instead of retaking possession of the property sold under the terms of the contract, without investigating and ascertaining whether the estate is solvent or insolvent, is not protected from the result of want of care in such investigation by reason of ignorance of the real condition of the estate; and the fact that the whole of the claims allowed against the estate largely exceed the value of the assets as shown by the inventory, does not prevent the election from being binding upon him where it does not appear that he was misled by anyone as to the condition of the estate.

■ As a rule, on breach of a conditional sale contract by the buyer, the seller may either disaffirm the contract and retake the property or he may affirm the contract, declare the subsequent payments due and sue for the purchase price. But since these remedies are inconsistent, he cannot have both and an assertion of one of them is an abandonment of and bars any right under the other.

■ No general rule as to what will constitute a waiver of his reserved title by the seller under a conditional sale contract can be laid down other than this: A waiver can be inferred whenever the conduct of the seller is inconsistent with the idea that he still intends to enforce a return of the goods if the conditions are not performed; whether or not such is the case is a question of fact. Any act on the part of the seller clearly manifesting an intention to treat and rely upon the unpaid purchase price as an absolute debt from the purchaser will be deemed an election to waive the conditions of the sale, resulting in title passing to the purchaser, and precluding the seller from thereafter retaking the property. ■ The commencement of any litigation that can proceed only on the theory that title has passed to the purchaser on waiver by the seller generally constitutes an election which the seller may not revoke. (1 Bancroft's Code Practice and Remedies, sec. 196, pars. 297, 298; *Muncy* v. *Brain,* 158 Cal. 300, 305 [110 Pac. 945]; *Parke* v. *White River Lumber Co.,* 101 Cal. 37 [35 Pac. 442]; *Boas* v. *Knewing,* 175 Cal. 226, 229 [L. R. A. 1917F, 462, 165 Pac. 690].)

While the decisions are not harmonious as to the effect of commencing an action to enforce one of two or more remedial rights arising out of the same facts, in the absence of mistake, or some other legal excuse, according to the weight of authority the commencement of any proceeding to enforce one remedial right, in a court having jurisdiction to entertain such proceeding, is generally such a decisive act as constitutes a conclusive election, barring the subsequent prosecution of inconsistent rights. (20 Cor. Jur., p. 29, E., and cases cited.)

In *Spurdis* v. *Karadontes,* 170 N. Y. Supp. 92, 93, it was held that: "This election must be held to have taken place, notwithstanding the fact that the former action was abandoned, since it is the affirmative act of the plaintiff in

commencing the action which determines his election, and not the result of the action." (Citing *Matter of Garver,* 176 N. Y. 386 [68 N. E. 667].)

In *Silverstin* v. *Kohler & Chase,* 181 Cal. 53 [9 A. L. R. 1177, 183 Pac. 451, 452], it being a case involving a contract sale of a piano, we find this language: "In many states it is held that where the full amount of the purchase price is due and the seller brings an action to recover the same, he thereby confirms the title in the purchaser. This rule has been recognized in this state." (Citing *Parke* v. *White River Lumber Co., supra.*)

A case involving the sale of a piano under a contract similar to the one before us, but where the piano in question was attached at the time of filing the action is *Birkel Co.* v. *Nast,* 20 Cal. App. 651, 654 [129 Pac. 945], wherein the court held, after citing the cases of *Muncy* v. *Brain, Holt* v. *Ewing* and *Parke* v. *White River Lumber Co., supra:* "The legal effect of such election was, *immediately upon the filing of the complaint,* (italics ours) to transfer to and vest in defendant title to the piano as completely as though defendant had made full payment therefor."

Appellant relies principally upon the reasoning given and cases cited in *De Laval Pacific Co.* v. *United C. & D. Co.,* 65 Cal. App. 584 [224 Pac. 766, 767], where certain machinery was returned under a similar contract of sale and suit was subsequently brought for the total purchase price after default in payment. The court there (citing 9 R. C. L. 960) held that "the commencement of an action to enforce one of such remedies is generally considered sufficient to estop a party from thereafter pursuing the other remedy. . . . Although it has also been held that 'the more reasonable rule is that the mere bringing of an action which has been dismissed before judgment, and in which no element of estoppel *in pais* has arisen, that is, where no advantage has been gained or no detriment has been occasioned, is not an election'. (Citing *Brice* v. *Walker,* 50 Cal. App. 49 [194 Pac. 721].) . . . The rule might therefore be stated as follows: Whenever a party entitled to enforce two remedies either institutes an action upon one of such remedies or performs any act in the pursuit of such remedy, whereby he has gained any advantage over the other party, or he has occasioned the other

party any damage, he will be held to have made an election of such remedy, and will not be entitled to pursue any other remedy for the enforcement of his right.''

The cases in this state, where the principle has been invoked are generally those where a party, having two inconsistent remedies for the enforcement of a right, has pursued one to judgment and then, finding that the other would be more effectual, attempts to invoke it. (*Hines* v. *Ward*, 121 Cal. 115 [53 Pac. 427].) In this case it was stated that the general rule in other jurisdictions is this: That where a party has brought an action in pursuit of one remedy he cannot, by dismissing it before judgment, be permitted to pursue another and different remedy, but the commencement of the first is a conclusive election by which he is bound.

But the court in that case did not determine whether the rule should be so extended in this state. Some cases (*De Laval Pacific Co.* v. *United C. & D. Co., supra,* and *Brice* v. *Walker, supra*) infer, if they do not hold, that in certain cases the filing of a complaint, in which no element of estoppel *in pais* has arisen, i. e., where no advantage has been gained or no detriment has been occasioned, is not an election, the doctrine of election of remedies being generally regarded as being the application of the rule of estoppel.

If we accept the theory that the commencement of the first action in this case was as a matter of law an election of an inconsistent remedy, then appellants would be foreclosed of seeking the possession of the piano through this present action. If we accept the rule last cited, that in addition thereto there must be the element of estoppel *in pais,* we must go to the evidence to establish facts, inferences and deductions to warrant the finding the court has made.

Respondent testified in substance as follows: That at the time appellants were pressing her for money she had made arrangements with her other creditors (who were at the same time demanding their money from her) to pay a certain amount per month on their claims, and by reason of the filing of the suit declaring the whole amount due under this piano contract, her other creditors were discouraged with this

arrangement. She then thought her only redress was to file a voluntary petition in bankruptcy, which she did.

When suit was filed seeking a judgment for the full amount of the contract price rather than the repossession of the piano, under the case of *Birkel Co.* v. *Nast, supra,* the title to the piano in question passed to the vendee upon the election specified in the complaint, the vendee being notified of vendor's election by service of a copy of the complaint and summons and she having defaulted. Knowing of their election to declare the whole amount due, she had the right to list this property among her assets in the bankruptcy proceedings or make any other disposition of it that she desired not inconsistent with the bankruptcy proceedings. Plaintiff failed to attach the piano in this case as was done in the Birkel case. Other creditors, being interested third parties, had the right to rely upon this election and have this property listed in the proceedings among the assets of the estate until its exemption was declared and determined.

Referees in bankruptcy are judicial officers clothed with power to adjudicate in the first instance over the allowance or disallowance of claim presented against the bankrupt's estate and their findings are entitled to the respect and credit given to officers acting judicially. The allowance of the claim is an adjudication of all issues properly presented for determination and constitutes a final judgment which is binding upon both the creditors and the bankrupt (7 C. J. 323, sec. 529).

Appellants having filed a claim in the bankruptcy proceedings and it having been allowed in the full amount of the contract price by the referee, this decree or order allowing the claim of appellant was final. The case of *Elmore Quillian & Co.* v. *Henderson etc.,* 179 Ala. 548 [43 L. R. A. (N. S.) 950, 60 South. 820], citing *Cromwell* v. *County of Sac,* 94 U. S. 351, at page 371 [24 L. Ed. 681], definitely held that a decree of the trustee in bankruptcy ordering the allowance of a claim arising under a contract was a bar to a subsequent suit on the contract and operated as an estoppel.

Appellant's subsequent action of filing a petition for reclamation was an inconsistent act indicating that the other option (that of repossession) was being pursued. The bank-

ruptcy court for reasons specified in the order denied the petition for reclamation. We note that after a full hearing in the matter wherein the bankrupt appeared, contested and opposed the petition, the referee denied, rather than dismissed, the petition for reclamation.

It was held in *Nauman Co.* v. *Bradshaw*, 193 Fed. 350 [113 C. C. A. 274], that an assertion of ownership under a conditional sale contract is not one of debt of the bankrupt or of his estate and the claimant of property is not even a creditor of the bankrupt and has no debt or demand against the estate. ■ The trial court in the case at bar found that the actions of appellant in the filing of the original complaint and proceedings had therein and subsequent filing and allowance in full of the claim as a creditor in the bankruptcy proceedings, were sufficient to constitute an election and that plaintiff was estopped from pursuing the inconsistent remedy of repossession under claim and delivery. We are of the opinion that there is sufficient evidence to warrant the finding. ■ Certain evidence was admitted over objection, which was hearsay, but we believe it to be harmless, there being sufficient competent evidence on the subject to warrant the finding, even if that portion had been denied admission. We deem it unnecessary to the decision to decide other points raised.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.