**In re Lee Clark TIDRICK and Theresa Lee Tidrick, Debtors.**

**Lee Clark TIDRICK and Theresa Lee Tidrick, Plaintiff,**

**v.**

**GENERAL BANK, formerly known as General Bank of Commerce, and the Chapter 7 Trustee, Richard Marshack, Defendants.**

**Bankruptcy No. SA 87–06362JB.
Adv. No. SA 88–0743JB.**

United States Bankruptcy Court,
C.D. California.

Sept. 19, 1989.

Robert P. Khoury, Ross, Ivanjack, Lambirth Lambirth & Aranoff, Los Angeles, Cal., for defendants.

Sandra J. Coleman, Blake, Barnett, Milman & Bell, Santa Ana, Cal., for plaintiff.

## MEMORANDUM OF DECISION

JAMES N. BARR, Bankruptcy Judge.

### STATEMENT OF FACTS

The parties have stipulated to the following facts:

The Debtors, Lee and Theresa Tidrick, were limited partners in a business venture known as Alba Cross, Ltd. In December, 1980, Alba Cross borrowed $150,000 from General Bank ("Defendant" or "Bank"). The Debtors personally guaranteed the loan to the extent of $30,000, and the guarantee was secured by a deed of trust on the Debtors' residence. The deed of trust was recorded shortly thereafter.

In 1982, during a period when Alba Cross was unable to make payments on the loan, the Debtors made four payments on the loan totalling $10,000. Thereafter, Alba Cross resumed payments, but then defaulted on the loan. On September 21, 1984, Defendant filed a complaint against the general partners and the Debtors seeking payment of the balance due on the loan.

Debtors and Defendant entered into a stipulation on January 8, 1985 titled "Stipulation for Judgment and Entry Thereof." By the stipulation, Debtors acknowledged that they owed the Bank $23,527.64 principal and interest, and further agreed to pay the Bank $300.00 per month until the balance was paid. The stipulation also provided that if the Debtors failed to make any payment, the Bank could have judgment entered against the Debtors for the amount still owing, and that the Bank would have the complaint dismissed when and if the loan was paid in full. The stipulation was signed by the parties, but not by the state court judge, and no judgment was ever rendered by the state court in that case. In fact, that case was dismissed on the court's own motion on October 7, 1987. Debtors made payments as required by the stipulation until they filed their Chapter 7 bankruptcy on October 20, 1987.

The Debtors, by this Adversary Proceeding, seek a declaration from this court that the lien created by the subject deed of trust is void or extinguished. The parties have stipulated to presentation of one key issue for resolution by me prior to trial to perhaps shorten the trial or obviate it altogether.

### ISSUE

The sole issue presented to me at this time is whether the Bank's commencement of a suit for money judgment on the underlying guarantee, and the steps taken by the Bank in the prosecution of that suit, constitutes an "action" under California Code of Civil Procedure § 726, ("C.C.P. § 726," the so called "one form of action rule") barring the Bank from foreclosing on its real property collateral. This is obviously an issue arising from and determinable by reference to state law alone. However, I have juris-

diction to determine such issues under 28 U.S.C. § 1334.

## DISCUSSION

Under California's "one form of action rule," C.C.P. § 726, "There can be but one form of action for the recovery of any debt or the enforcement of any right secured by mortgage upon real property ..." It has long been established that this section applies to rights secured by deed of trust. *Bank of Italy Nat. Trust & Sav. Assn. v. Bentley*, 217 Cal. 644, 654, 20 P.2d 940 (1933). Thus, if the Bank availed itself of an "action" against the Debtors on the debt, then it may not now enforce its deed of trust.

California Code of Civil Procedure § 22 defines an action as, "an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right ..." Debtors argue that the Bank's suit is a "proceeding" whereby the Bank sought "enforcement of a right," namely a money judgment against the Debtors on their guarantee. Thus, it is argued, by electing to bring suit on the debt, the Bank exhausted its "one form of action" for purposes of C.C.P. § 726. I have concluded that California law requires that judgment be entered before the sanction of the "one form of action" rule applies to bar further recovery on collateral for a debt.

I recognize that there have been instances wherein California courts held that no judgment was required to invoke the sanction. See, *Bank of America v. Daily*, 152 Cal.App.3d 767, 199 Cal.Rptr. 557 (1984) (exercise of the self-help remedy of a banker's offset treated as an "action" under § 726.) However, I find such cases to reflect the application of unique legal principles to specific fact situations all of which I find to be inapplicable to this case.

California courts dealing with facts similar to those in this case, have held that without a money judgment there is "no action" for purposes of C.C.P. § 726. In *Brice v. Walker*, 50 Cal.App. 49, 194 P. 721 (1920), a lender held a lien on a borrower's automobile as security for a loan. The bank commenced suit on the note without first foreclosing on its collateral, but prior to trial amended its complaint omitting that count. The appellant argued that by merely bringing the suit on the note the bank had waived its mortgage lien. (Prior to 1963 C.C.P. § 726 was applicable to enforcement of rights secured by mortgage upon real *or* personal property.) The court held that the lien of the mortgage had not been lost and the right of foreclosure continued to exist. *Id.* at 54, 194 P. 721.

The court in *Brice* cited several cases in support of its ruling, and referring to the doctrine of election between remedies quoted from *J.I. Case Threshing Machine Co. v. Copren Bros.*, 45 Cal.App. 159, 187 P. 772 (1919): "The cases where that principal [election of remedies] has been successfully invoked are generally where a party, having two different and distinct remedies available ... has adopted one of the remedies and though it has pressed his action to final judgment, and finding that he has failed to adopt the course or the remedy which would have rendered the execution of his judgment the more effectual, attempts to invoke the other remedy." *J.I. Case* at 165, 187 P. 772. The *Brice* court reasoned that because in the latter case there was no judicial action by the court and possibilities such as dismissal existed, an election of remedies had not taken place. *Brice* at 53, 194 P. 721. I, too, interpret C.C.P. § 726 as a specific application of the broader principle of election of remedies.

Debtor's reliance on *Walker v. Community Bank*, 10 Cal.3d 729, 111 Cal.Rptr. 897, 518 P.2d 329 (1974), and *James v. P.C.S. Ginning Co.*, 276 Cal.App.2d 19, 80 Cal.Rptr. 457 (1969) is not justified. The bank in *Walker* brought a foreclosure action on personal property security and recovered a deficiency judgment. Unlike here, an enforceable money judgment was obtained by the creditor. Thus, consistent with the *Brice* decision, the *Walker* court concluded that C.C.P. § 726 barred the bank from foreclosing on its real property security. Likewise, in *James v. P.C.S. Ginning Company*, the creditor obtained a judgment against the borrowers and was

therefore barred from proceeding against the real property security.

My conclusion is also consistent with California's statutory scheme concerning enforcement of liens on personal property. California Commercial Code Section 9501(4)(c)(ii), dealing with judicial actions to enforce liens on personal property, states, in part:

> If, in proceeding solely with respect to personal property or fixtures the secured party commences a judicial action against the debtor ... that judicial action shall constitute an action within the meaning of Section 726 of the Code of Civil Procedure if and only if a monetary judgment on the debt is sought against the debtor, and that action shall result in the subsequent unenforceability of the encumbrance on any real property not included in that action *only if and when a monetary judgment on the debt is obtained against the debtor.* (Emphasis added.)

There appears to be no basis in law or reason to conclude that the rule is or should be different in instances such as this.

In addition, California Code of Civil Procedure Section 472 provides that, "Any pleading may be amended once by the party of course ... at any time before the answer or demurrer is filed, or after demurrer and before the trial of the issue of law thereon ..." The amended pleading "furnishes the sole basis of the cause of action. The prior pleadings are superseded, cease to perform any function as pleadings, and cannot be looked to as defining any of the issues to be tried." *Neuland v. Russell,* 50 Cal.App.3d 1, 5, 123 Cal.Rptr. 230 (1975). Thus, merely initiating a suit is not determinative of the final remedy sought or obtained. One could file a complaint seeking judgment on the note and then later amend the complaint seeking foreclosure of the security or vice versa. Even dismissal of the case by the state court, as in this instance, does not bar a plaintiff from bringing another action on the same cause in California. (See, *Olwell v. Hopkins,* 28 Cal.2d 147, 149, 168 P.2d

972 (1946), wherein it was noted that ordinarily a dismissal does not bar another action on the same cause.) Therefore, it cannot be said that California public policy requires plaintiffs to make an early election as to the course of any aspect of litigation. The policy seems to be quite to the contrary, and neither the facts in this case nor the application of C.C.P. § 726 to those facts compels me to apply a different policy here.

Finally, section 726 was enacted to force creditors to exhaust collateral before subjecting the debtor to a personal judgment and the results thereof. *Haas v. Palace Hotel Co. of S.F.,* 101 Cal.App.2d 108, 121, 224 P.2d 783 (1950). It was not enacted to trap creditors who file suit on a secured debt and thereafter work out a settlement short of judgment, and I will not apply it so.

For all of the foregoing reasons, I have concluded that neither the defendant's deed of trust nor its rights thereunder has been extinguished by application of C.C.P. § 726.