**In re Francis William MADIGAN, Jr. and Laura Madigan, Debtors.**

**Francis William MADIGAN, Jr. and Laura Madigan, Appellants,**

v.

**POTRANS INTERNATIONAL, INC., Appellee.**

**BAP No. CC–90–1149 VJMe. Bankruptcy No. SA88–04927JR. Adv. No. SA89–0604JR.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Sept. 12, 1990.

Decided Jan. 4, 1991.

David S. Brower, Santa Ana, Cal., for Francis & Laura Madigan.

Walter Tribbey, Ontario, Cal., for Potrans Intern., Inc.

Before: VOLINN, JONES and MEYERS, Bankruptcy Judges.

## OPINION

VOLINN, Bankruptcy Judge:

The appellee, Potrans International Inc. ("Potrans"), sued the debtor Francis W. Madigan[1] in state court on a guaranty that was secured by a trust deed. Potrans did not seek to foreclose the trust deed in that action. Prior to bankruptcy, a default was entered against the debtor in the state court action, but no judgment was entered. After filing bankruptcy, the debtor sought to avoid the trust deed based on the California "single action rule," Cal.Code Civ. Proc. Sec. 726(a), alleging that Potrans waived its right to foreclose on the real property collateral by initiating and prosecuting to default the state court action. The bankruptcy court ruled that Potrans' rights were not waived because the state court action was not reduced to judgment. We affirm.

## FACTS

The relevant facts were agreed to by stipulation. D.B.R. Security Systems, Inc. ("DBR") was indebted to Potrans on a promissory note secured by a security interest in certain personal property of DBR. The debtor guaranteed the DBR debt and secured the guarantee with a deed of trust covering certain real property executed by the debtor and his co-debtor wife.

After default by DBR, Potrans filed suit against the debtor in state court seeking to recover under the guaranty. Potrans sought only monetary damages in the state court action and did not seek to foreclose the trust deeds which secured the guaranty.

On July 13, 1988, the debtor's default was entered in the state court action. Judgment was neither requested nor entered in the state court action.

The debtor subsequently filed the bankruptcy case and this adversary proceeding seeking to avoid Potrans' interest under the trust deed.

## ISSUE

The sole issue on this appeal is whether initiation of an action on a debt secured by real property, without concomitantly seeking to foreclose on the real property, and

1. Francis W. Madigan and Laura Madigan are joint debtors in this case. Because only Francis W. Madigan is involved in the matters underlying this appeal, the term "debtor" refers to him.

prosecuting to the point of an order of default, but short of judgment, results in an election of remedies and waiver by the plaintiff of the right to foreclose on the real property collateral under the California "single action rule."

## STANDARD OF REVIEW

Only issues of law are raised in this appeal; there are no factual issues in dispute. We review issues of law de novo. *In re Cole*, 93 B.R. 707, 708 (9th Cir. BAP 1988).

## DISCUSSION

■ The California "single action rule" derives from Cal.Code Civ.Proc. § 726(a),[2] which provides in pertinent part:

> There can be but one form of action for the recovery of any debt ... secured by mortgage upon real property ... which action shall be in accordance with the provisions of this chapter.

The California courts have held that § 726 prohibits a mortgagee from suing the mortgagor on the secured obligation without first foreclosing on the real property collateral. *Walker v. Community Bank*, 10 Cal.3d 729, 733, 111 Cal.Rptr. 897, 899, 518 P.2d 329, 331 (1974). If the mortgagee seeks to enforce the secured obligation without first foreclosing on the collateral, the mortgagor may assert § 726 as an affirmative defense to such an enforcement action. *Walker*, 10 Cal.3d at 734, 111 Cal. Rptr. at 900, 518 P.2d at 332.

The California courts have also held that under § 726 and the single action rule, if the mortgagee does enforce an obligation which is secured by obtaining a money judgment against the mortgagor without foreclosing on the real property collateral, then the mortgagor is deemed, under the single action rule, to have elected a remedy other than foreclosure, and consequently to have waived its right to foreclose on the real property collateral. *Id.; James v. P.C.S. Ginning Co.*, 276 Cal.App.2d 19, 22, 80 Cal.Rptr. 457, 459 (1969).

■ However, simple institution of an action on the debt does not act as a waiver of the right to foreclose on security for the debt. *Brice v. Walker*, 50 Cal.App. 49, 194 P. 721 (1920). The foregoing case was cited and followed recently by *Tidrick v. General Bank (In re Tidrick)*, 105 B.R. 584, 586 (Bankr.C.D.Cal.1989). *Tidrick* was considered determinative by the trial court and will be discussed below.

■ The debtor contends that under California law, entry of default terminates the defendant's right to file an answer, and entitles the plaintiff to obtain a judgment upon *ex parte* request. The debtor argues that for these reasons, the entry of default was "the functional equivalent" of a judgment, and should be sufficient to constitute an election of remedies by Potrans, citing Cal.Code of Civ.Proc.Sec. 585(a) relating to judgment by default:

> That the clerk shall enter the default and immediately thereafter enter judgment for the principal amount demanded in the complaint or a lesser amount if credit has been acknowledged, together with interest allowed by law or in accordance with the terms of the contract, and costs.

Appellant contends that the duty of the clerk is a mandatory one, citing the following:

> For the same reason, failure to enter judgment is of no consequence. Plaintiff's proper request for Entry of Default is the important step. Once the default is entered the time to answer or demur is cut off, regardless of whether the clerk delays or fails to take the final step of entry of judgment. After default is entered, it is then, or thereafter, the ministerial duty of the clerk to enter and docket the judgment ... and he could not neglect to perform that duty or destroy or impair the effect of judgment.

*Witkin*, California Procedure 3d Edition Vol. 6, p. 543.

■ The purpose of the election of remedies doctrine is to prevent the creditor from enforcing its rights by more than one remedy, *e.g.*, by both obtaining a judgment on

---

2. Cal.Code Civ.Pro. § 726 shall be referred to   herein simply as "§ 726."

the secured debt *and* foreclosing on the collateral; allowing both remedies would enable the mortgagee to circumvent the statutory limitations on postforeclosure deficiency judgments. *See Bank of Am. v. Daily*, 152 Cal.App.3d 767, 773, 199 Cal. Rptr. 557, 560 (1984); *James v. P.C.S. Ginning Co.*, 276 Cal.App.2d 19, 23, 80 Cal. Rptr. 457, 460 (1969). Potrans argues, however, that it has not gone beyond the point of no return since it has not yet availed itself of either remedy. While it would require no more than a mere ministerial act to obtain a judgment, the fact that it has not taken this step is functionally meaningful. Cal.Code Civ.Pro. § 472 provides that

> Any pleading may be amended once by the party of course ... at any time before the answer or demurrer is filed....

*Tidrick*, 105 B.R. at 587.

> The amended pleading "furnishes the sole basis of the cause of action. The prior pleadings are superseded, cease to perform any function as pleadings, and cannot be looked to as defining any of the issues to be tried."

*Id.* (citing *Neuland v. Russell*, 50 Cal. App.3d 1, 5, 123 Cal.Rptr. 230 (1975)). It would follow then, that even after the entry of default, Potrans could have chosen to file an amended complaint seeking foreclosure of its trust deed rather than a money judgment on the debtor's guaranty. *See Tidrick*, 105 B.R. at 587. Thus Potrans has neither availed itself of the remedy of obtaining a money judgment on the guaranty, nor irrevocably elected that remedy. From the standpoint of election of remedies, Potrans' position is functionally equivalent of that of a mortgagee who has taken no action beyond filing a complaint on the secured debt. Thus Potrans' actions to date do not constitute an election of remedies so as to deprive Potrans of the right to foreclose on its trust deed. *Compare Brice v. Walker*, 50 Cal.App. 49, 194 P. 721 (1920); *Tidrick v. General Bank (In re Tidrick)*, 105 B.R. 584, 587 (Bankr.C.D. Cal.1989). Of the reported decisions, while distinguishable, *Tidrick* is closely analogous on its facts. In that case, the mortgagee had sued in state court on the se-

cured obligation, but prior to judgment had entered into a stipulation with the mortgagor, which provided for monetary payments, and the entry of a money judgment if, and only if, the mortgagor defaulted on the agreed payments. The state court action was dismissed before the mortgagor defaulted. The bankruptcy court held that the mortgagee had not waived its rights to foreclose its mortgage. The court would not permit the debtor to plead waiver by election where there was a settlement short of judgment and the case dismissed. As the court stated:

> Finally, section 726 was enacted to force creditors to exhaust collateral before subjecting the debtor to a personal judgment and the results thereof. *Haas v. Palace Hotel Co. of S.F.*, 101 Cal. App.2d 108, 121, 224 P.2d 783 (1950). It was not enacted to trap creditors who file suit on a secured debt and thereafter work out a settlement short of judgment, and I will not apply it so. 105 B.R. at 587 (Bankr.E.D.Cal.1989).

The debtor also cites cases in which California courts have held that where a mortgagee partially collects the secured debt through an offset of a bank account, that acts as an election of remedies sufficient to extinguish the mortgagees right to foreclose, even though no judicial action is initiated by the mortgagee, and of course no judgment is obtained. *Security Pacific Nat'l Bank v. Wozab*, 223 Cal.App.3d 1042, 258 Cal.Rptr. 850 (1989); *Bank of America v. Daily*, 152 Cal.App.3d 767, 199 Cal.Rptr. 557 (1984). This situation is distinguishable from the case before the BAP. In the case of offsets, although there was no judicial action, the mortgagee actually partially collected on the secured obligation, through a self-help remedy available at law. Thus a legal remedy was actually exercised. Potrans, on the other hand, while closing in on exercise of a legal remedy, did not complete the process.

## CONCLUSION

■ While there have been and will be permutations and combinations of circumstances requiring case by case examination

of the application of section 726, we are of the view that by and large an election of remedies is made when the mortgagee obtains a judgment on a debt which is secured. The judgment was not obtained here. We therefore affirm.